## Newell W. Ludwig *vs.* Peter Fuller.

The general rule of law is, that the payment of the price of an article is sufficient to complete the sale between the seller and purchaser; but as it respects a second purchaser or creditor, a delivery is necessary.

But there are exceptions to the general rule, of which this is one : — if a party claiming title under the seller, either as attaching creditor or purchaser, had notice of the prior sale before his rights accrued, he cannot allege any defect in the sale *for want of a* delivery.

And in an action by a purchaser against an officer for seizing the property on execution after the sale, but before the delivery, *the want of a delivery* furnishes no defence to the *officer*, if the execution *creditor* had notice of the sale before the property was taken on the execution.

Exceptions from the Court of Common Pleas, Redington J. presiding.

Trespass for taking and selling the plaintiff's moiety of the schooner *Joseph & William*. The defendant filed a brief statement, alleging, that the defendant was sheriff of the county, and that one of his deputies took and sold the property on an execution in favor of *Moses Call* against *Albert S. Clark*, whose property it was alleged to have been at the time of the sale. The plaintiff claimed title under *Clark*, by a bill of sale prior to its hav-

ing been taken on the execution. *Clark* owned an undivided half of the vessel, the other half being owned by a third person.

There was no actual delivery of the vessel, which was in port at the time of the sale to the plaintiff, *Clark*, the seller, agreeing to take care of it, and see to it for him. The other part owner had no care of the vessel for the plaintiff, and did not know of the sale. It did not appear, that either part owner had any exclusive possession of the vessel before or after the sale. The additional facts of the case will be sufficiently understood from the opinion of the Court.

The counsel for the plaintiff requested, that the jury might be instructed, that the delivery of the bill of sale by *Clark*, a part owner, he not being in the actual possession, would carry with it the part of the vessel sold. This was declined by the Judge. The counsel for the plaintiff also requested, that the jury might be instructed, that if the plaintiff constituted *Clark* his agent, for managing said vessel, and that *Clark* accepted said agency, the possession of *Clark* would after that time, be the possession of the plaintiff; and that notice to *Call*, the creditor, of the transfer of the vessel to the plaintiff would be tantamount to notice to the officer, and that *Clark's* disclosure gave such notice to *Call.*

The Judge instructed the jury, that as there never was any delivery of the vessel, or any part of it to the plaintiff, the sale to the plaintiff was not good and effectual to pass said moiety, as against *Call*, one of *Clark's* creditors, unless the plaintiff, or some one other than *Clark*, acting for the plaintiff, had obtained actual possession of said moiety prior to the attachment, as the vessel was at the place where *Clark* lived at the time of the sale and frequently afterwards; and that *Clark*, being the vender, without having delivered the property, could not take or hold such possession for the plaintiff, as was necessary in order to sustain this action.

The verdict was for the defendant, and the plaintiff filed exceptions to the ruling of the Judge.

*F. Allen* and *Reed*, for the plaintiff, remarked, that whether the plaintiff had taken and continued the actual possession or not, was wholly immaterial, as the want of possession was merely evidence from which fraud might be inferred; and the jury have decided, that there was no fraud. The only inquiry then is, was the Judge

justifiable in withholding the instructions requested, respecting a delivery, under the circumstances of the case ; and whether the instructions given were correct ? It was contended, that there was error in both particulars.

No delivery was necessary, because the seller owned but a moiety of the vessel, and could not take her from the other part owner and deliver her over to the plaintiff. The deposit of the bill of sale in the custom-house was sufficient to render the sale valid. A constructive or symbolical delivery only is necessary. *Haskell* v. *Greely*, 3 *Greenl.* 425 ; *Abbott on Shipping*, 11, 13 ; *Buffington* v. *Curtis*, 15 *Mass. R.* 528 ; *Bixby* v. *Franklin Ins. Co.* 8 *Pick.* 86.

The purchaser may well appoint the seller his agent to receive the delivery, and take charge of the property, as well as any other person. A delivery to the agent is a delivery to the principal. This is very common in cases of assignments for the benefit of creditors.

The creditor, on whose execution the plaintiff's property was taken by a deputy of the defendant, was notified of the sale to the plaintiff long before the taking by the deputy. This is equivalent to a formal delivery, and dispenses with the necessity of it. *Tuxworth* v. *Moore*, 9 *Pick.* 347 ; *Haskell* v. *Greely*, 3 *Greenl.* 425.

*E. Smith*, for the defendant, contended, that a sale of a chattel is not perfected, as against the attachment of a creditor of the vender, unless when it is possible, actual delivery is made to, or possession taken by the purchaser previous to the attachment. *Gardner* v. *Howland*, 2 *Pick.* 599 ; *Butterfield* v. *Baker*, 5 *Pick.* 522 ; *Flagg* v. *Dryden*, 7 *Pick.* 52 ; *Bartlett* v. *Williams*, 1 *Pick.* 288 ; *Lanfear* v. *Sumner*, 17 *Mass. R.* 110 ; *Shumway* v. *Rutter*, 7 *Pick.* 56 ; *Carrington* v. *Smith*, 8 *Pick.* 419.

The fact that there was another part owner in this case can make no difference. It is only when the other owner has the exclusive possession, and chooses to retain it, that a symbolical delivery is sufficient. There is no difference in this respect between a vessel and any other chattel. It is only when an actual delivery is impossible, that it can be dispensed with. And if the vessel is at sea at the time of the sale, possession must be taken within a

reasonable time after her return, to perfect the sale. The authorities already cited are conclusive on this point. Here the seller had the charge of the vessel, and she lay in port where the delivery could have been made without objection. There was no evidence that the possession was retained by the other part owner.

The continued possession of *Clark* after the sale is no delivery to the plaintiff. This circumstance has often been relied on, and as often decided not to amount to a delivery. Several instances will be found in the cases cited. Where the vender continues in possession after the sale, where there has been no delivery, the sale is absolutely void as against creditors.

It is of no consequence in this case whether *Call*, the attaching creditor, had notice of the sale before the attachment or not. It does not appear that the attachment was made under his direction, although it was for his benefit, or that he agreed to indemnify the defendant or his deputy. He took it on his own responsibility and is answerable for the consequences. The mere statement of *Clark*, that he had sold to the plaintiff, is no evidence that the consideration had been paid, or that the proper measures had been taken to perfect the sale.

But if both the creditor and the officer knew the whole proceedings, both had the right to avail themselves of the defect of title to secure the debt. Here were two sets of creditors proceeding in different modes to obtain payment of their debt from the same property. If the execution had been put into the hands of the officer, with orders to take the vessel before the bill of sale was made, of which fact the purchaser had knowledge, and then took his bill of sale, and obtained the possession first, there would have been as good ground to contend that the execution creditor had the priority, as there is to say that the plaintiff has now. It has always been held that one creditor may avail himself of any defect of a levy on real estate, although he knew of it before his subsequent levy. So too, where one officer makes an attachment of goods, and suffers them to go back into the possession of the debtor, they may be held under a subsequent attachment, although both creditor and officer knew of the first attachment. *Bagley* v. *White*, 4 *Pick*. 395; *McGregor* v. *Brown*, 5 *Pick*. 170; *Cushing* v. *Hurd*, 4 *Pick*. 253.

The opinion of the Court was drawn up by

SHEPLEY J. — The general rule of law is, that the payment of the price is sufficient to complete the sale between the seller and purchaser ; but, as it respects a second purchaser or creditor having no notice, a delivery is necessary. *Edwards* v. *Harben*, 2 *T. R.* 587 ; *Mair* v. *Glennie*, 4 *M. & S.* 240 ; *Lanfear* v. *Sumner*, 17 *Mass. R.* 117 ; *Shumway* v. *Rutter*, 7 *Pick.* 56 ; *Cobb* v. *Haskell*, 14 *Maine R.* 303. The question what constitutes a delivery is still left open, and it is often of difficult solution.

Where the goods are so situated, that a delivery cannot be made at the time of sale, as a vessel at sea, a delivery of such evidence of title, as the seller possesses, is sufficient until the purchaser can obtain possession. *Lempriere* v. *Pasley*, 2 *T. R.* 485 ; *Gardner* v. *Howland*, 2 *Pick.* 603.

And where goods, though not at sea, are not in the actual, but in the constructive, possession of the seller, as goods in another's warehouse, or logs in a river ; and where it would be very difficult on account of the weight or bulk, as a vessel on the stocks, and in other cases of a peculiar character, what is denominated a symbolical delivery is sufficient, and this requires the performance of such an act as shews, without any other act to be performed, that the purchaser has a right to take possession, and that the right of the seller to control the property has terminated. *Harman* v. *Anderson*, 2 *Camp.* 243 ; *Manton* v. *Moore*, 7 *T. R.* 67 ; *Hollingsworth* v. *Napier*, 3 *Caines' R.* 182 ; *Wilkes* v. *Ferris*, 5 *Johns. R.* 335 ; *Jewett* v. *Warren*, 12 *Mass. R.* 300 ; *Badlam* v. *Tucker*, 1 *Pick.* 389 ; *Holmes* v. *Crane*, 2 *Pick.* 607.

The reason why a sale, when the price is paid, is not good as respects other parties without a delivery is, that the law regards the purchaser as in fault, and as acting unfairly and fraudulently in allowing the seller, by retaining the possession, to hold out the apparent evidence of ownership, and thereby induce others to purchase or to credit him to their injury. *Twyne's case*, 3 *Co.* 80 ; *Lingam* v. *Briggs*, 1 *B. & P.* 87. Hence if a third party claiming title, had notice of such sale before his rights accrued, he cannot allege any defect in the sale for want of a delivery, because he was not injured by it. *Steel* v. *Brown*, 1 *Taunt.* 381 ; *Wooderman* v. *Baldock*, 8 *Taunt.* 676 ; *Robinson* v. *McDonnell*, 2 *B. & A.* 134.

It must be admitted that the strength of the reasoning upon which the rule rests, that there must be a delivery as respects other parties, has been greatly impaired in this and other States, where the common law has been so modified as to allow the purchaser to prove, that the sale was not fraudulent, where possession did not accompany and follow it. What will amount to proof of delivery, has been the subject of much discussion ; and it is rendered more difficult, and would probably be found impracticable to state any general rule applicable to all cases, especially in those States, where the law has been so modified as not to require an actual and permanent change of possession ; and where delivery is therefore rather nominal and symbolical than actual. But because the reasoning upon which the rule of law was established does not operate as formerly, and the rule itself is less convenient in practice, that does not authorize a court of law, contrary to a uniform course of decisions, to declare that the rule no longer exists. However one may regret, that a modification of one rule of law should be found to impair the reason upon which another rule was established, it may afford a lesson, that when one is dealing with the common law, *stare decicis* is judicial wisdom. And if experience has taught, that this modification has been productive of litigation, and afforded greater facilities for the commission of frauds, it would lead to a like conclusion. It will be perceived, that these remarks do not apply to cases arising under the statute of frauds, where an attempt is made to establish a title between the parties to the contract, by proof of delivery, without any memorandum in writing, or payment of the price.

The seller in this case, in making a disclosure of his affairs under oath, stated in the presence of his creditor for whose benefit the defendant's deputy seized the property, that he had sold his half of the vessel to the plaintiff. This was as early as the third of *May,* and the property was not seized until the twenty-first of *August* following. The creditor having before known that the vessel had been sold to the plaintiff, cannot object to the title on account of the want of delivery. The case certainly exhibits strong indications of fraud, and for such a purpose the fact, that the seller continued to possess and control the property may be proved and considered ; but as the case is now presented the jury have found,

that the sale was not fraudulent, and the creditor, thus affected with knowledge, is not entitled to defeat a *bona fide* sale for want of delivery. The cases referred to by the counsel for the defendant, to shew that the creditor is not precluded from taking advantage of that defect, only decide, that attaching creditors, who are not supposed to know whether any judgment will be obtained or title acquired, are not affected by a knowledge of each other's proceedings; and that one may attach, when he knows that his debtor is about making a sale, having no knowledge that the title has actually passed from him. It is also insisted, that the officer, not appearing to have been instructed or indemnified, is not to be affected by the knowledge of the creditor. The officer acts only for the benefit of the creditor, and if he should proceed without an indemnity and suffer by it, the loss must be imputed to his own neglect to take security. He is not more favorably situated, than the creditor. *Wooderman* v. *Baldock,* 8 *Taunt.* 676; *Parsons* v. *Dickenson,* 11 *Pick.* 352.

For these reasons it is not necessary to consider the testimony tending to prove either an actual or constructive delivery.

                   *Exceptions sustained and a new trial granted.*