## VINING *versus* GILBRETH.

In the sale of personal property, *delivery* is essential to its validity, as against the creditors of the vendor.

But where the article sold is ponderous, a *symbolical* or *constructive* delivery will be sufficient.

Thus, the sale of a shop will be effectual against creditors, by the delivery of its *key*, and that too at a place distant from the shop sold.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

TRESPASS for taking and converting a shoemaker's shop situated in Mount Vernon.

The defence was, that defendant, as deputy sheriff, attached the shop as the property of one Jonathan Vining, on a demand of *his* creditor.

The plaintiff, being in Massachusetts and a clerk in a store, claimed title from Jonathan by a bill of sale, made Sept. 2, 1850, at Hallowell, where the key was delivered to him, and he paid $50 down and gave up a note he had against him for about the same amount. He kept the key about an hour, and then gave it back to Jonathan.

Jonathan Vining built the shop in 1850, in Vienna, and in Feb. 1851, hired a piece of land in Mount Vernon and moved it there, and continued to occupy it to the time of the attachment, and from time to time offered to sell the same. He did not disclose the sale to plaintiff. The presiding Justice ruled, that the delivery of the key of said shop was a sufficient delivery of the shop to the plaintiff, if made for that purpose at the time, and so understood by the parties.

The verdict was for plaintiff and defendant excepted to the ruling.

*Kempton,* for defendant.

The doctrine of symbolical or constructive delivery has never received particular favor from courts, and is only allowed when the thing sold does not admit of actual delivery. 2 Kent's Com. 500.

There are some few cases when the delivery of the key

has symbolized the transfer of goods deposited in a warehouse, and the wines deposited in a cellar, but none where the house and cellar have been thus held delivered.

Here the parties were not present at the place where the shop was, nor in the same town; the plaintiff does not appear to have ever seen the property. In such case the delivery of the key and the continuance of the vendor in possession, can give no rights against his creditor. *Cobb* v. *Haskell*, 14 Maine, 303; *Shumway* v. *Rutter*, 8 Pick. 443.

Between the vendor and vendee no objection could be made to this delivery; with them the *intentions* and *understandings* of the contracting parties must govern.

As between a creditor and the vendor some other rule than the *intentions* and *purposes* of the parties to the contract, must be established. The doctrine of the instruction disposes with the formalities of sale and the elements of contracts.

*Paine,* for plaintiff. The jury have found the sale *bona fide ;* in such cases slight evidence of delivery is sufficient. *Shumway* v. *Rutter*, 8 Pick. 443.

Here was the sale of a shop and incapable of manual delivery; passing over the evidence of the property is enough. *Rice* v. *Austin,* 17 Mass. 197; *Jewett* v. *Warren,* 12 Mass. 300; *Boynton* v. *Veazie,* 24 Maine, 286.

A symbolical delivery, showing the purchaser's right to take possession and the right of control, is all that is required. *Ludwig* v. *Fuller,* 17 Maine, 162.

APPLETON, J. — It is well settled that a shop built upon the land of another, with his consent, remains the personal property of the builder.

In the sale of personal property, the delivery of the thing sold is necessary as against every one but the vendee. As to him the title passes without delivery. The delivery may be actual or symbolical. Where the goods are so situated as to admit of no delivery, the sale will be valid

without it. *Ricker* v. *Cross*, 5 N. H. 571. Where the articles sold are ponderous, a symbolical or constructive delivery will be equivalent in its effect to an actual one. So when goods sold are in a warehouse, the delivery of the key has been deemed sufficient. The delivery of wine in. a cellar is held to be made by a delivery of the keys of the cellar. The title to a ship at sea may pass by a delivery of the bill of sale. In this case the shop was unsusceptible of manual tradition from its bulk. The delivery of the key was as complete a delivery as the subject matter reasonably admitted, and if in good faith, is sufficient to pass the title. 2 Kent's Com. 393; *Ludwig* v. *Fuller*, 17 Maine, 162.

The good faith of the sale is fully affirmed by the finding of the jury.                    *Exceptions overruled.*
                                 *Judgment on the verdict.*

TENNEY, J., did not sit.