## GEORGE M. HADDEN *et al.*

*v.*

## OSCAR B. KNICKERBOCKER *et al.*

1. LANDLORD'S LIEN—*on property other than crops lost by sale and removal from demised premises.* The lien of a landlord on the property of his tenant, other than on crops, is superior to all junior liens, so long as it remains on the premises occupied by the tenant, but can not prevail over prior liens, or over the rights of *bona fide* purchasers, after the property has been removed.

2. The rights of a purchaser of personal property from a tenant, after its removal from the demised premises, for a valuable consideration, as, in payment of a pre-existing debt, is not affected by the fact that he knew there was rent due the landlord, and that he was about to distrain for the same.

APPEAL from the Court of Common Pleas of the City of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. S. W. BROWN, for the appellants.

Messrs. WHEATON & SMITH, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The facts of this case may be briefly stated:

Dudley Randall was a tenant of appellant Hadden, and was in arrear for rent of premises occupied by him. The landlord issued his warrant, and placed it in the hands of Graves, to be executed. After the warrant was issued, but before it was levied, appellees claim to have purchased the property in controversy of Randall, for a pre-existing indebtedness, and

to have taken the same into their possession. It is conceded the property was in possession of appellees when the levy was made under the distress warrant. It was taken out of their possession, and this suit was commenced in replevin to recover it.

While there is some conflict in the evidence, the jury were justified in finding that appellees were *bona fide* purchasers of the property involved in this litigation. The jury also found, by special verdict, that neither of the appellees, at the time of the alleged transfer of the property, had notice that Randall owed Hadden for rent, or that he was about to distrain for the same.

The record presents the direct question, whether the landlord had a lien upon the property after it had been removed from the demised premises, which he could enforce against *bona fide* purchasers.

At common law, a distress for rent had to be made upon the demised premises, and the right of the landlord to distrain terminated with the removal of the goods. If any remedy remained, it was by action. Even the goods of a stranger, if found upon the demised premises, might be seized. In this respect, the common law has been enlarged and modified by the provisions of our statute. By our laws the landlord may distrain the goods of the tenant anywhere the same may be found in the county where the demised premises are situated, but not the goods of the stranger, although found on the premises. This provision of the statute, however, has exclusive reference to the property of the tenant. Laws enlarging the common law remedy by distress, have always been construed strictly. Hence, this statute can not be so construed as to authorize the landlord to distrain property in the hands of a stranger, although he may have purchased it of the tenant.

The lien of the landlord was superior to all junior liens, so long as the property remained upon the premises occupied by the tenant, but could not prevail against prior liens or over

the rights of *bona fide* purchasers after the property had been removed. We do not understand our statute has changed the common law in this respect, or given the landlord any greater or different lien, except in the case of crops growing on the premises. A lien is expressly given the landlord, by statute, upon crops growing or grown upon the demised premises, in any year, for the rent that shall accrue during the current year. (R. S. 1845, p. 335, sec. 8.) But no specific lien is created or given as to other property of the tenant.

In the case at bar, the property purchased had been removed from the demised premises prior to the levy of the distress warrant. Appellees were *bona fide* purchasers, for a valuable consideration. Their right to hold the property is not affected by the fact they may have known that rent was due the lessor, and that he was about to distrain. The property had been sold and removed by the consent of the tenant, and the right to distrain did not exist, either at common law or by any provisions of our statute. If the transaction had been fraudulent, it seems the landlord might follow the property, but not otherwise. Taylor on Land. and Tenant, sec. 576.

In *Bach* v. *Meats*, 2 Maule and Selw. 199, it was held, a creditor may, with the assent of his debtor, take possession of goods and remove them from the premises, for the purpose of satisfying a *bona fide* debt, without incurring the penalty of the statute, 11 Geo. II, c. 19, sec. 3, against persons assisting the tenant in removing his goods from the premises, and this notwithstanding his knowledge that rent was due, and an apprehension the landlord was about to distrain.

The same principle was recognized in *Martin* v. *Block*, 7 Paige, 641, and in *Coles* v. *Marquan*, 2 Hill, 447.

In *Hastings* v. *Belknap*, 1 Denio, 190, it was declared, where a tenant assigns his goods to provide for the payment of *bona fide* debts, and the goods are removed from the demised premises, the right to distrain is at an end, although the creditors

had notice that rent was about to become due.    See also Taylor on Land. and Ten. 577.

The case of *O'Hara* v. *Jones*, 46 Ill. 288, cited by counsel for appellant with so much confidence, is clearly distinguishable from the case at bar.    There, the goods were assigned to pay the debts of the tenant, and had not been removed from the demised premises prior to the distress, it was held, the assignee was a trustee and not a *bona fide* purchaser. Not being such, he took the property under the assignment, and held it subject to all the burdens it was under in the hands of the assignor.    The assignee was himself, for the time being, a tenant of the premises.    The same doctrine is announced in *Martin* v. *Block, supra.*

No material error is perceived in the instructions given for appellees.    Those asked on behalf of appellants do not state the law correctly, hence they were properly refused.

For the reasons indicated, the judgment is affirmed.

*Judgment affirmed.*