WILLIAM H. HERRON

v.

SAMUEL L. GILL.

*Filed at Ottawa September 27, 1884.*

1. LANDLORD AND TENANT—*extent of landlord's lien.* A lien is given by the statute to a landlord upon crops growing and grown upon demised premises in any year, for the rent that shall accrue during such year; but no specific lien is created or given as to any other property of the tenant.

2. SAME—*statute of Anne, giving lien, not in force in this State.* The statute of 8th Anne, C. 14, giving a landlord a lien on the goods and chattels of his tenant, generally, is not in force in this State, being of a date later than the fourth year of James I. If ever in force here as a part of the laws of Virginia, it has been repealed by implication, or superseded by subsequent acts of our legislature intended as revisions of the whole subject.

3. SAME—*distress subject to prior liens.* A distress warrant issued and placed in the hands of a sheriff after his receipt and levy of executions upon the goods and chattels of the tenant, not crops grown or growing upon the demised premises, does not take precedence of the executions, and a levy of the distress warrant will be subject to the prior liens of the executions.

APPEAL from the Appellate Court for the Second District ;— heard in that court on appeal from the County Court of Peoria county; the Hon. L. W. JAMES, Judge, presiding.

This was a motion by William A. Herron, for a rule on Samuel L. Gill, late sheriff of Peoria county, to pay appellant the sum due him for rent from Marvin A. Breed, out of the proceeds of assets of said Breed in his (Gill's) hands, as sheriff, for distribution to execution creditors of Breed. The motion was overruled, and Herron appealed to the Appellate Court for the Second District, where the judgment of the county court was affirmed, and the case comes to this court on Herron's further appeal.

·The stipulation relating to the facts, filed with the motion, shows that Breed was for many years a tenant of Herron, doing a general merchandise business, and owning a stock of

goods, with which he occupied a store-room of Herron. On
July 14, 1882, there was due Herron, for rent, $1364.83, and
on that day Herron issued a distress warrant, directed to
said Gill, and delivered the same to him, to execute, at three
o'clock P. M., and Gill, as sheriff, returned that he had levied
the same on the stock of goods belonging to Breed, in the
said store. On July 15, 1882, a copy of the distress warrant,
with the indorsement thereon, was filed in the circuit court
of Peoria county, and such proceedings were had that at the
next succeeding term judgment was rendered against Breed
for said amount. On the 13th of July, (the day prior to the
issue and levy of the distress warrant,) judgments by con-
fession were obtained in the county court of Peoria county
against Breed, in favor of the following parties: First Na-
tional Bank of Peoria, two judgments,—one for $906.64, and
one for $526.50; John C. Yates, for $328; Hattie A. Breed,
for $1000; and Stevens & Lee, for $75,—on each of which
judgments execution issued forthwith, and came to the hands
of Gill, as sheriff, on the 13th of July, all before noon. On
the following day, (July 14,) and before the issue and delivery
of the distress warrant, judgments by confession were ren-
dered in the county court against Breed, in favor of other
parties, upon which executions were issued on the same day,
and placed in the sheriff's hands before the distress warrant,
and were levied upon all the goods afterwards levied upon by
the distress warrant. The sheriff, in pursuance of the levies
under the executions, took possession of all of said goods,
and still had possession thereof when the distress warrant
came to his hands. Afterwards, by agreement of the execu-
tion creditors and Herron, the sheriff surrendered the goods
to the assignee of Breed, and an order was entered in the
county court authorizing the assignee to sell the same at
public or private sale, and hold the proceeds as custodian for
the sheriff, and subject to the rights and priorities therein
of each of said parties, and directing him to return to said

sheriff enough of said proceeds to answer all said writs. The net proceeds of the goods were admitted to be insufficient to pay said executions and the claim for rent. The appellant, Herron, claims that he has a lien upon the goods for one year's rent, and this is the real point presented by the record.

Messrs. JACK & MOORE, for the appellant:

The lien of a landlord is prior to the lien of executions, although they be levied before a distress warrant issues. *O'Hara* v. *Jones*, 46 Ill. 288; *Hadden* v. *Knickerbocker*, 70 id. 678.

The following authorities hold that the landlord had no lien at common law before the adoption of the statute of Anne, but a mere right to distrain: *Grant* v. *Whitwell*, 9 Iowa, 156; *Doane* v. *Garretson*, 24 id. 351; *Craddock* v. *Riddlesbarger*, 2 Dana, 208; *Ege* v. *Ege*, 5 Watts, 139; Woodfall on Landlord and Tenant, 563.

The force of the statute of Anne, here, has been recognized by this court in *Hadden* v. *Knickerbocker, supra,* in which this court cites Taylor on Landlord and Tenant, sec. 576; *Martin* v. *Block*, 7 Paige, 641; *Coles* v. *Marquan*, 2 Hill, 447.

Whatever was common law in Virginia in 1784, became the law in Illinois, and is such yet, except where it is repugnant to our system of government, or where it has been changed by statute. *Penny* v. *Little*, 3 Scam. 301; *Lavalle* v. *Strobel*, 89 Ill. 380; *Johnson* v. *McIntosh*, 8 Wheat. 543.

The statute of 8th Anne was part of the Virginia law in 1784. *Byrd* v. *Cockle*, 1 Wash. 232.

The same act is referred to in later cases in Kentucky and Virginia as the "Virginia act of 1784," still in force in Kentucky in 1815 and 1830, and therefore continuing in force in Virginia in 1784. *Mitchell* v. *Franklin*, 3 J. J. Marsh. 480; *Ferguson* v. *Moore*, 2 Wash. 54; *Rector* v. *Gale*, Hardin, 78.

That law has not been changed by our legislation. Repeal by implication is not favored. *Tyson* v. *Postlewaite*, 13 Ill. 734; *Boon* v. *Juliet*, 1 Scam. 258.

The statute of Anne, or a copy thereof, is in force in the States in which the following cases were decided, by statutes passed since the revolution, showing that, as a matter of policy, its propriety is generally recognized: *Central Bank* v. *Peterson*, 24 N. J. 568; *Russell* v. *Doty*, 4 Cow. 578; *City of New Orleans* v. *Vaught*, 12 La. Ann. 339; *Doane* v. *Garretson*, 24 Iowa, 351; *Denham* v. *Harris*, 13 Ala. 465; *Forman* v. *Proctor*, 9 B. Mon. 124.

The same law is held to be in force in Pennsylvania and South Carolina, by virtue of their colonial statutes adopting the statute of Anne. *Mitchell* v. *Stewart*, 13 S. & R. 297; *Watson* v. *Hudson*, 3 Brev. 60.

Messrs. Stevens, Lee & Horton, for the appellee:

The ordinance of 1787 made such provision for the government and laws of the territory, as to prevent further recognition of the statutes of Virginia previously in force there. *Penny* v. *Little*, 3 Scam. 301.

The statute of 8th Anne, C. 14, being of a date later than the fourth year of James I, and its provisions being in force in Virginia only by virtue of express enactment by the colonial legislature, was a part of its statutory law, and hence was not continued in the territory. 1 Kent's Com. 473, note a; *United States* v. *Mundel*, 6 Call, 262; *Commonwealth* v. *Knowlton*, 2 Mass. 534; *Sackett* v. *Sackett*, 8 Pick. 317; *People* v. *Folsom*, 5 Cal. 374; *Penny* v. *Little*, 3 Scam. 301; *Fisher* v. *Deering*, 60 Ill. 114.

If the statute of 8th Anne, C. 14, was ever in force in this State, it was repealed or superseded by the act approved February 23, 1819, that being intended as a revision of the whole matter, and in many respects, particularly in the section on which plaintiff bases his right, is repugnant to the

former.   *Andrew* v. *People,* 75 Ill. 605 ;   *Culver* v. *Third Nat. Bank,* 64 id. 528 ;   *Board of Trustees* v. *Chicago,* 14 id. 334 ; *Bartlett* v. *King,* 12 Mass. 537 ;   *Mason* v. *Waite,* 1 Pick. 452 ; *Colley* v. *Merrill,* 6 Maine, 42 ;   *Commonwealth* v. *Kelliher,* 12 Allen, 480 ;   *Curtis* v. *Gill,* 34 Conn. 49 ;   *Wakefield* v. *Phelps,* 37 N. H. 295 ;   *Farr* v. *Brackett,* 30 Vt. 294.

The language of our decisions clearly shows that the courts of Illinois will allow the landlord no greater right than he had at common law, except in case of growing crops.   *Hadden* v. *Knickerbocker,* 70 Ill. 677 ;   *Prettyman* v. *Unland,* 77 id. 211 ;   *Eames* v. *Mayo,* 6 Bradw. 339 ;   *Hunter* v. *Whitfield,* 89 Ill. 229.

At common law an execution levied on goods of the tenant, even when rent was due, took precedence of a distress warrant subsequently issued, and the officer had a reasonable time in which to remove them.   Cooley's Blackstone, book 3, page 7, note 7 ;   *Pierce* v. *Scott,* 4 W. & S. 344 ;   *Hamilton* v. *Reedy,* 3 McCord, 38.

Mr. Justice Dickey delivered the opinion of the Court :

A lien is given by the statute to a landlord upon *crops* growing or grown upon demised premises in any year, for the rent that shall accrue during such year, (Rev. Stat. 1874, chap. 80, sec. 31,) but no specific lien is created or given as to any other property of the tenant.   (*Hadden et al.* v. *Knickerbocker,* 70 Ill. 677.)   At common law, before the adoption of the statute of 8th Anne, C. 14, the landlord had no lien of any kind, but only a right to distrain.   *Grant* v. *Whitwell,* 9 Iowa, 156 ;   *Doane* v. *Garretson,* 24 id. 351 ;   *Craddock* v. *Riddlesbarger,* 2 Dana, 208 ;   *Eye* v. *Eye,* 5 Watts, 139.

This court has held that when personal property has been sold by the tenant in payment of a preëxisting debt, in good faith, and the purchaser has removed the same from the demised premises, such property is not liable to distress for

rent, either at common law or by any provision of our statute, even though the purchaser knew there was rent due. *Hadden et al.* v. *Knickerbocker, supra.* See, also, *Martin* v. *Black,* 9 Paige, 641; *Coles* v. *Marquan,* 2 Hill, 447; *Hastings* v. *Belknap,* 1 Denio, 190.

At common law, an execution levied on goods of the tenant, even where rent was due, took precedence of a distress warrant subsequently issued, and the officer had a reasonable time in which to remove them. 3 Cooley's Black. 7; *Pierce* v. *Scott,* 4 W. & S. 344; *Hamilton* v. *Reedy,* 3 McCord, 38.

The statute of Anne, giving a landlord such a lien, is not in force in this State, being of a date later than the fourth year of James I. If ever in force here as a part of the laws of Virginia, it has been repealed by implication, or superseded by subsequent acts of our legislature intended as revisions of the whole subject; and the present statute, by giving the landlord a lien only upon crops growing or grown, by implication excludes the idea of a lien on any other property of the tenant. All the executions, here, came to the hands of the appellee, Gill, as sheriff of Peoria county, and were levied upon the goods of Breed, the tenant, before the distress warrant was issued and placed in his hands. When it came to his hands the lien of the various executions had attached, and any levy of the distress warrant was subject to such prior lien.

Perceiving no error, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*