## THE A. N. KELLOGG NEWSPAPER COMPANY

*v.*

## EMIL PETERSON *et al.*

*Filed at Ottawa June 13, 1896.*

· 1. SALES—*sufficiency of symbolical delivery of property sold.* Heavy printing machinery and appliances, not susceptible of immediate and complete delivery, may be symbolically delivered by locking the doors of the premises in which they are contained and delivering the keys to the purchaser.

2. LANDLORD AND TENANT—*distress laws are strictly construed.* Laws enlarging the common law remedy by distress must be strictly interpreted.

3. SAME—*when landlord's lien for rent attaches.* A landlord can acquire a lien only by commencing proceedings, except as to crops grown or growing upon the demised premises.

4. SAME—*right of tenant to sell and deliver property.* No lien of a landlord exists against a tenant's property until a seizure by distress or other proceedings, and the tenant may sell and deliver the property and give possession to the purchaser as against the landlord's right of distress, where such sale is made in good faith.

*Kellogg Newspaper Co.* v. *Peterson,* 59 Ill. App. 89, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

For several years prior to February 26, 1892, one F. B. Schuchardt, under a lease, occupied the seventh floor of a building owned by appellant, and had therein six photogravure printing presses, one lead-lined acid tank, five lithograph stones, six brass and rubber tympans, one Anson Hardy paper cutter, one office table, one office desk and chair. Schuchardt was engaged in photograph printing, and became indebted to appellee in the sum of $1000 for money loaned. Being unable to pay when due, he proposed to sell to appellee the above described property in satisfaction and discharge of his debt, which offer was accepted, and on February 26 a bill of sale was made

and delivered and filed for record, and the rooms in which the property was were locked and the keys delivered to appellee and retained by him. After that time Schuchardt exercised no control over the property, and on the day after the sale he told the secretary of the appellant company, who was its executive officer, he had sold the property to appellee, who would remove it. On the day after the sale appellee gave the keys to his drayman, and directed him to get the property and take it to a storehouse mentioned. On the 29th the drayman went for the property, but appellant refused to allow him access to the seventh floor of the building where it was situated, and the property was lost to appellee, it having been levied on by a distress warrant issued by appellant about the 10th of March, and subsequently sold. The property was heavy printing machinery and appliances, except a few articles, and not easily susceptible of removal. When the drayman was refused access to the seventh floor of the building some correspondence ensued between appellee and appellant, which practically was no more than an assertion of a claim for a lien on the property for rent by appellant and of ownership by appellee. At the time Schuchardt sold the property to appellee he was in possession of the leased floor. Appellee brought trover to recover the value of the property and recovered a verdict for $1250. As to the value of the property there was conflict in the evidence, some witnesses placing the value at $2400 and others at $600. A motion for a new trial was overruled and judgment entered on the verdict, which, on appeal to the Appellate Court for the First District, was affirmed.

It is urged the lien of the landlord existed if there was rent due, and the bill of sale was fraudulent unless the purchaser took possession under the bill of sale. The trial court and Appellate Court held the delivery of the bill of sale and of the keys, and their retention, were a delivery of possession, and the sale was not fraudulent,

and the landlord had no lien on the goods until he levied his distress warrant thereon. This appeal is prosecuted.

THORNTON & CHANCELLOR, for appellant:

In *Lewis* v. *Swift*, 54 Ill. 436, it was held that the purchaser of personal property, in order to acquire title as against creditors of the vendor or purchasers without notice, must reduce it to actual possession before other rights attach. *Gillette* v. *Stoddart*, 30 Ill. App. 231; *Lapp* v. *Pinover*, 27 id. 169; *Harts* v. *Jones*, 21 id. 150.

W. J. LAVERY, for appellees:

Symbolically putting the appellee in possession of the stuff, and the stuff consisting of heavy machinery, was a compliance with the requirements of the law. *May* v. *Tallman*, 20 Ill. 443; *Hart* v. *Wing*, 44 id. 141; *Ticknor* v. *McClelland*, 84 id. 471; *Vanscoy* v. *Bigelow*, 28 Ill. App. 301; *Barker* v. *Bank*, 30 id. 591; *Vaughn* v. *Owens*, 21 id. 249.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Where the goods and chattels sold are of a nature or character that they do not admit of an actual, immediate and complete delivery, the law recognizes and allows a symbolical delivery as being a sufficient transfer and delivery. The delivery of the keys of a store or building in which goods are, is construed clearly expressive of a symbolical delivery which will pass the possession, where such is the intent of the parties, in good faith. (*Wilkes* v. *Farris*, 5 Johns. 335; *Packard* v. *Dunsmore*, 11 Cush. 282; *Marsh* v. *Fuller*, 18 N. H. 360; *Vincent* v. *Gilbreth*, 39 Me. 496; *Sullivan* v. *Smith*, 15 Neb. 476; *Sharp* v. *Carroll*, 66 Wis. 62; *Hart* v. *Wing*, 44 Ill. 141; *Logsdon* v. *Spivey*, 54 id. 104; *Ticknor* v. *McClelland*, 84 id. 471; *Feltenstein* v. *Stein*, 157 id. 19.) The goods and chattels sold were of a nature and character they were not susceptible of an actual, complete and immediate delivery and removal, and the sale being in good faith, a symbolical delivery by locking

the doors and delivering the keys to the appellee was a delivery of possession to him, and was not fraudulent, in fact or in law, as against appellant.

It is a principle of construction that laws which enlarge the common law remedy by distress must be strictly interpreted. Our statute does not give the landlord a prior lien by distress greater than existed at common law, except in the case of crops grown or growing on the demised premises. (*Hadden* v. *Knickerbocker*, 70 Ill. 677.) At common law a levy of a distress warrant could only be made upon the demised premises, and a right of distress terminated by a removal of goods from such demised premises, and the goods of a stranger upon the demised premises, except in a very few instances, were at common law liable to distress. The excepted cases were such as the goods of a boarder in his room on the premises, etc. By section 16 of the Landlord and Tenant act the landlord may seize for rent any personal property of his tenant that may be found in the county where the tenant resides. That section also provides: "And in no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for rent due from such tenant."

At common law the goods of a tenant were free from a lien until they were actually taken. The lien attached on seizure, only. Except as to crops grown or growing upon the demised premises that is the rule in this State. A landlord can in this State, with the above exception, only acquire a lien by commencing proceedings. Until he does so the tenant is as much the owner of his effects as any other person who owns property and owes debts. No dormant or secret lien of a landlord exists against a tenant's property until a seizure by distress or other proceeding. The tenant may sell and the buyer may remove the purchased goods. The tenant may convey title where the sale is made in good faith on the part of both buyer and seller. (*Morgan* v. *Campbell*, 22 Wall. 381;

*Becker* v. *Dupree,* 75 Ill. 167; *Hadden* v. *Knickerbocker, supra.*)
By the sale and delivery of the keys in this case the possession and right to possession passed to appellee. The refusal to allow appellee to remove the goods, and the subsequent sale and delivery thereof, by reason of which he lost the property, were wrongful acts and a conversion.

The trial court, in its instructions, correctly laid down the law, and there was no error in the admission or exclusion of evidence. The question of damages being excessive is not for this court.

We find no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*