DAVID E. POWELL

*v.*

JOHN DAILY *et al.*

*Filed at Ottawa November 9, 1896.*

1. LANDLORD AND TENANT—*when landlord's lien does not attach to after-acquired property.* A provision in a lease giving the landlord a "valid and first lien upon all property belonging to the lessee," covers only property owned by the lessee at time of its execution.

2. SAME—*burden of proof on attempting to enforce landlord's lien upon a stock of goods.* A landlord attempting to enforce a lien upon a stock of goods has the burden of establishing the identity of the same, and in the absence of such proof all the goods are presumed to be after-acquired.

3. SAME—*when a landlord's lien attaches—no common law lien in this State.* At common law a landlord in this State has merely the right

to distrain for rent, and his lien, excepting his statutory lien as to crops, attaches only upon levy of distress warrant.

4. WAIVER—*an unmarried man may waive his exemption.*  An exemption privilege is a statutory right conferred for the debtor's benefit, and an unmarried man may legally waive the same by an executory contract, as such right affects himself, alone.  (*Recht v. Kelly*, 82 Ill. 147, distinguished.)

*Powell* v. *Daily*, 61 Ill. App. 552, affirmed in part.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Peoria county; the Hon. ROBERT H. LOVETT, Judge, presiding.

James H. Turpin and Samuel Turpin leased from appellant a certain store room in Peoria for five years from September 15, 1891, at a yearly rental of $1900, payable in monthly installments.  Among other provisions in the lease it was agreed by the parties thereto that if the rent, or any part of it, should be behind or unpaid on the day whereon the same ought to be paid, it should be lawful for the lessor, at his discretion, to declare the term ended and to repossess himself of the demised premises, and to distrain for any rent that might be due thereon upon any property belonging to the lessees, whether the same should be exempt from any execution or distress by law or not, and in that case the lessees agreed to waive all legal right they then had or might have to hold or retain any such property under any exemption laws in force in this State, or in any other way, "meaning and intending hereby to give the said party of the first part, his heirs, executors, administrators and assigns, a valid and first lien upon any and all goods and chattels and other property belonging to the said party of the second part as security for the payment of the said rent, and in manner and form aforesaid, anything hereinbefore to the contrary notwithstanding."

At the date of the lease the lessees went into possession of the room and immediately commenced business

therein as merchants. Samuel Turpin eventually sold out his interest to James H. Turpin and retired from the firm. The latter continued to do business until June 9, 1894, when he made a deed of assignment, under the statute, to John Daily of all his property, real and personal, which was properly executed and recorded the same day, and the assignee accepted the trust and took possession of the stock of goods of James H. Turpin then in the store. On the 15th day of June, 1894, the rent due appellant, including $153.33 becoming due on that day, was $554.17, for which sum appellant issued his distress warrant on the 19th day of the same month, and levied, or claimed to levy, on the goods in the store. The assignee thereupon paid the rent from the date of the assignment until the 15th day of June, leaving a balance due the appellant of $522.20. By leave of court the assignee entered into an agreement with the appellant, whereby the levy on the distress warrant was released without prejudice to any of appellant's rights and no further proceedings were had on the warrant. Afterward, and within the time required by law, appellant presented his claim for the balance of the rent due him, duly verified by affidavit, and claimed priority of payment for his rent, alleging that he had caused the goods on the demised premises to be distrained for the same. On June 29, 1894, the assignor made his claim for $100 exemptions under the statute, to which the assignee and appellant filed objections. The assignor was an unmarried man. The court, upon hearing, approved the report of the assignee and allowed Turpin his $100 exemptions, denied appellant's priority of claim, and ordered the assignee to pay, out of the moneys in his hands, first the costs, including $100 to himself, and next $100 to Turpin, and the balance to be distributed *pro rata* among the latter's creditors who had proved up their claims, including appellant. To these several rulings allowing Turpin his exemptions and disallowing the appellant's claim of pri-

ority of payment appellant excepted and appealed to the Appellate Court, where the order of the county court was affirmed. The Appellate Court having certified to the importance of the questions involved, appellant brings the cause here by appeal.

McCulloch & McCulloch, for appellant:

That the assignee takes as a volunteer and subject to all existing liens, either legal or equitable, is fully established by the authorities. *Trust Co.* v. *Trumbull,* 137 Ill. 180; *Hooven* v. *Burdette,* 153 id. 672; *Jack* v. *Weiennett,* 115 id. 105; *Jenkins* v. *Pierce,* 98 id. 646; *Hardin* v. *Osborne,* 94 id. 571; *Willis* v. *Henderson,* 4 Scam. 13.

The landlord's lien was good as between the parties. *Eames* v. *Mayo,* 6 Ill. App. 334; *Felton* v. *Strong,* 37 id. 58; *How-dyshell* v. *Garry,* 21 id. 288; *O'Hara* v. *Jones,* 46 Ill. 288; *Herron* v. *Gill,* 112 id. 247; *Hadden* v. *Knickerbocker,* 70 id. 677.

The landlord has, as against his tenants, and consequently against his assignee, a common law right of distraint while the goods remain upon the demised premises, which is, in effect, a lien. Taylor on Landlord and Tenant, secs. 566, 614; Woodfall on Landlord and Tenant, 365; Wood on Landlord and Tenant, 935; *Payne* v. *Hotel Co.* 60 Miss. 360; *Penny* v. *Little,* 3 Scam. 301.

The assignee is a volunteer, and takes the property subject to all liens, legal or equitable, perfect or imperfect. *Trust Co.* v. *Trumbull,* 137 Ill. 180; *Jack* v. *Weiennett,* 115 id. 105; *Jenkins* v. *Pierce,* 98 id. 646; *Hardin* v. *Osborne,* 94 id. 571; *Willis* v. *Henderson,* 4 Scam. 13.

The right to enforce this lien by distress is a common law right, and it is not defeated by the fact that a specific lien may have been reserved in the lease. *Penny* v. *Little,* 3 Scam. 301; *O'Hara* v. *Jones,* 46 Ill. 288.

R. H. Radley, and Dan. R. Sheen, for appellees:

A landlord in this State has no common law lien upon the property of his tenant for rent. *Herron* v. *Gill,* 112 Ill. 251; *Bank* v. *Adam,* 138 id. 499.

The presumption of law is that the property was not in existence, and the burden of proof to show that it was in existence is upon appellant. *Borden* v. *Croak*, 131 Ill. 73.

A distress warrant does not create a lien until it is levied. *Richardson* v. *Asher*, 35 Ill. App. 54.

There cannot be a waiver in an executory contract. *Recht* v. *Kelly*, 82 Ill. 147.

Mr. JUSTICE BAKER delivered the opinion of the court:

Appellant claims that by virtue of the provision in his lease he has a lien upon the property in the hands of the assignee. The lien sought to be given by the lease is upon property that was owned by the lessees at the time of the execution thereof. There is, however, no evidence that any portion of the property held by the assignee was owned by the lessees at the date of the lease. The burden of proving this fact was upon appellant, and in the absence of such proof it will be assumed, as against him, that the property in dispute is all after-acquired property. But the terms of the lease are ineffectual to create a lien on after-acquired property. *Borden* v. *Croak*, 131 Ill. 68.

The contention of appellant that he has, nevertheless, a common law lien, is equally unfounded. A landlord in this State has no common law lien upon the property of his tenant for rent. (*Herron* v. *Gill*, 112 Ill. 247; *First Nat. Bank* v. *Adams*, 138 id. 483.) He has, at common law, merely a right to distrain. His lien, other than his statutory lien upon crops grown or growing upon the premises demised, does not attach until after the goods have been levied upon under the distress warrant. (*Kellogg Newspaper Co.* v. *Peterson*, 162 Ill. 158.) Of his right to distrain, however, appellant did not avail himself in time, for the assignee had become invested with the title to and the possession of the goods several days before the distress warrant was issued. *Hadden* v. *Knickerbocker*, 70 Ill. 677; *Herron* v. *Gill*, *supra*.

Objection is made because the county court allowed the assignor his exemption after he had expressly waived it by the lease. In this ruling the court erred. The exemption is allowed by the statute for the benefit of the debtor, and the rule is, that a party may waive a statutory, or even a constitutional, provision made for his benefit. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Hock*, 118 Ill. 587; *Harris* v. *City of Chicago*, 162 id. 288.) The clause in the lease by which the lessee waived his exemption is valid, and the court should have given effect to it.

The case of *Recht* v. *Kelly*, 82 Ill. 147, referred to in the appellees' brief as holding that a debtor cannot waive his right of exemption by an executory contract, is plainly distinguishable from the case at bar. In that case the debtor was the head of a family, residing with them, and the reasoning of the court was, that the exemption is as much for the benefit of the family of the debtor as for himself, and hence he could not, by an executory contract, waive the provisions made by law for their support and maintenance. In this case, on the other hand, the debtor is an unmarried man, so the same reasoning would not apply. His right of exemption is a purely personal right, which he could relinquish if he chose.

For the error indicated, the judgments of the Appellate and county courts, in so far as they allow the claim of $100 in favor of Turpin, one of the appellees, is reversed, and in all other respects the judgments are affirmed. Appellant will pay two-thirds of the costs of this court and Turpin the other third.

*Affirmed in part and reversed in part.*

Mr. JUSTICE CARTWRIGHT took no part.