## L. M. Van Wegen, Appellee, v. The Grand Aerie of the Fraternal Order of Eagles, Appellant.

1. LANDLORD AND TENANT, § 331*—*when lien acquired by landlord on tenant's goods.* The remedy of the landlord by distress for rent is regulated by statute, and the landlord has no lien by law on any of the property of the tenant, except growing crops, until the goods are distrained.

2. LANDLORD AND TENANT, § 366*—*what property on premises may not be seized for rent due from tenant.* Section 16, ch. 80, Hurd's Rev. St. (J. & A. ¶ 7054), providing that the landlord may seize for rent the personal property of his tenant to be found in the county where the tenant resides, "and in no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for rent due from such tenant," must be construed to mean what its language implies.

3. LANDLORD AND TENANT—*what is right of third person to intervene in distress proceedings for rent against tenant.* The right of a grand lodge as claimant of the property of the local lodge to intervene in distress proceedings for collection of rent against the local lodge is purely statutory and arises from the provisions of section 20, ch. 80, Hurd's Rev. St. (J. & A. ¶ 7058), providing that a suit for distress for rent shall proceed in the same manner as an attachment, and section 29, ch. 11 (J. & A. ¶ 520), providing that in all cases of attachment any person, other than the defendant, claiming the property attached may interplead, and the court shall impanel a jury to inquire into the right of property.

4. LANDLORD AND TENANT—*when jurisdiction to try right to property between landlord and intervener in distress proceedings not lost.* In an action by a landlord for distress for rent against a local lodge as tenant, in which the supreme lodge intervenes as claimant of the property, the contention that the court has no jurisdiction to determine the right of property between the land-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lord and the supreme lodge because the latter had been dismissed out of the case prior to intervening is without merit.

5. LANDLORD AND TENANT—*when ownership of property conclusively found to be in intervener in distress proceedings for rent.* In an action by a landlord for distress for rent against a local lodge as tenant, in which the supreme lodge intervened as the claimant of the property, and in which the Circuit Court found that the supreme lodge was the owner of the property, and the finding was challenged only on the untenable ground that the court had no jurisdiction, the ownership of the property was conclusively settled in favor of the supreme lodge.

6. LANDLORD AND TENANT—*when presumption of fraud does not arise from failure of third person to take possession of its property on leased premises.* Where, in a chancery suit between a supreme lodge and a local lodge to determine the right to the property of the local lodge, after revocation of the latter's charter, it is decreed that the property belongs to the supreme lodge, it is a matter of public record, and no presumption of fraud arises from failure to take possession of the property before commencement of distraint proceedings for rent by the landlord against the local lodge.

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded. Opinion filed October 22, 1918.

DOBBINS & DOBBINS and B. L. KIRK, for appellant.

C. D. THOMAS and J. J. REA, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

The Fraternal Order of Eagles had a local branch or lodge known as the Champaign Aerie No. 563. That Aerie rented rooms of appellee at the monthly rental of $50, from June 15, 1915, to June 15, 1918, and moved into them certain articles of personal property. The rent was paid regularly until October 15, 1916. On October 16, 1916, the Grand Lodge of that organization, for reasons of its own, revoked the charter of the

Champaign Aerie and demanded of that lodge all of the property and paraphernalia that had been used by it to be turned over to the Grand Aerie or lodge to be used by another local Aerie, if one should be formed. The property was not turned over to the Grand Aerie as demanded, and later a suit in chancery was begun in which a decree was finally entered directing that the property in question be turned over by the Champaign Aerie to the Grand Aerie. Appellee was not a party to that proceeding. In the meantime, the property in question remained in the building of appellee, and no rent being paid appellee, the landlord began proceedings in distress for rent. The distress warrant directed the officer to distrain of the goods and chattels of Champaign Aerie No. 563, and the trustees thereof and the Grand Aerie of the order sufficient to make the sum of $515.50, the amount claimed to be due for rent in arrears for the premises in question. The sheriff levied the distress warrant by taking the property found in the premises rented from appellee by the Champaign Aerie. A summons was in due time issued out of the Circuit Court of Champaign county, in which all of the parties mentioned in the distress warrant were named as defendants. This summons was duly served on all of the defendants named therein. All of the defendants named defaulted except appellant, and it was voluntarily dismissed out of the case by appellee. Whereupon, it was allowed by the court to interplead and it filed pleas claiming to own the property levied on. Appellee answered denying that appellant owned the property or had any right to its possession and averring that it was subject to a lien of appellee for rent due from appellant.

While the court found that appellant was the owner of the property in question, it found the issues in the distress proceedings in favor of appellee and against appellant, and entered judgment in that proceeding in

578    APPELLATE COURTS OF ILLINOIS.

Van Wegen v. The G. A. of the F. O. of E., 212 Ill. App. 575.

favor of appellee and against appellant for the property distrained, "subject to the distress warrant," which we understand to mean that the property should be subjected to the rights of appellee to the extent of his lien on the same by virtue of the levy of his distress warrant. The court then proceeded to assess appellee's damages in the matter of the distress proceeding and did assess them at $515, and entered up a personal judgment against the Champaign Aerie Lodge No. 563 for that amount.

The remedy of the landlord by distress for rent is regulated in this State by statute. The landlord has no lien by law for rent on any of the property of the tenant, except on growing crops, until the goods are distrained. *A. N. Kellogg Newspaper Co. v. Peterson*, 162 Ill. 158; *Powell v. Daily*, 163 Ill. 646.

Section 16 of chapter 80, Rev. St. (J. & A. ¶ 7054), provides that the landlord may seize for rent the personal property of his tenant to be found in the county where the tenant resides, "and in no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for rent due from such tenant." This section has been construed to mean just what its language implies. *Howdyshell v. Gary*, 21 Ill. App. 291; *Powell v. Daily*, 61 Ill. App. 559. Section 17 of the same chapter (J. & A. ¶ 7055) provides for the return of the distress warrant together with an inventory of the property levied upon. Section 18 (J. & A. ¶ 7056) provides for the issuance and return of a summons against the tenant. Section 19 (J. & A. ¶ 7057) provides for notice to nonresident defendants, and section 20 (J. & A. ¶ 7058) provides that the suit shall thereafter proceed in the same manner as in case of attachment. Turning to the Attachment Act to ascertain the manner of procedure when suit is begun by attachment, we find that section 29 of that Act (J. & A. ¶ 520) (chapter 11) provides that:

THIRD DISTRICT—OCTOBER, 1918.          579

Van Wegen v. The G. A. of the F. O. of E., 212 Ill. App. 575.

"In all cases of attachment, any person, other than the defendant, claiming the property attached, may interplead,  *  *  *  and the court shall immediately  *  *  *  direct a jury to be impaneled to inquire into the right of property."

It is under this section that speedy relief is provided in cases where in violation of the express prohibition of section 16, chapter 80, Rev. St. (J. & A. ¶ 7054), the property of persons other than the tenant has been seized by virtue of a distress warrant.

The proceeding in the case at bar, so far as the interpleader was concerned, was conducted in exact conformity with the provisions of section 29 of the Attachment Act. The right of appellant to so intervene is purely a statutory and not a common-law right, and arises from the provisions of section 20 of chapter 80 and section 29 of chapter 11 construed together. The contention that the court had no jurisdiction to determine the right of property between appellant and appellee because appellant had been dismissed out of court is wholly without reason or force. It is only a person who is not a defendant who may interplead by virtue of the statute quoted.

What has already been said practically disposes of one branch, of the only remaining important question, in the case, namely, did the court commit error in ordering the property sold? The Circuit Court in this case found and decreed that appellant was the owner of the property in question, and as the court had jurisdiction of both the parties and the subject-matter involved in that question, and that finding is challenged only on the ground of want of jurisdiction, the ownership of the same is conclusively settled in favor of appellant. Appellee argues, however, that notwithstanding the fact that appellant is the owner of the property, it has lost its rights to it, by delay into taking possession of the same before distraint, under the presumption of fraud that obtains where personal prop-

erty is sold and the possession remains with the seller. That presumption prevails only where there is a sale of the property by the owner. Retaining possession of property by the former owner after a sale of it by an officer under due process of law raises no presumption of fraud because of the publicity of such sale. *Lowe v. Matson,* 140 Ill. 108; *Hiser v. Walbaum,* 129 Ill. App. 82. For a like reason, when the title of property is declared by the decree of court to be in one certain person, it is not only a matter of public notoriety, but is a matter of public record, and the presumption of fraud will not prevail. The property involved in this case was declared by the decree of the Circuit Court in the chancery case wherein appellant was complainant and the Champaign Aerie No. 563 was defendant, and appellee knew all about it, and his testimony shows that on the very next day after that decree was entered he demanded the key to the rooms and in reality took possession of the property, although the distress warrant was not levied or issued until a few days later. Appellant is therefore not chargeable with laches or subject to the consequence of any presumption of fraud.

There is no theory upon the facts shown in this record upon which appellee can rightfully hold the property in question for rent.

The judgment of the Circuit Court is therefore reversed and the cause is remanded.

*Reversed and remanded.*