S. D. Friedman, Trustee for the Benefit of the Creditors of Max Cohen, Defendant in Error, v. Barnett Kappel, Plaintiff in Error.

Gen. No. 34,164.

Opinion filed May 29, 1930.

WILLIAM RIFKIND, for plaintiff in error.

DULSKY, FRIEDMAN & DULSKY, for defendant in error; LOUIS DULSKY, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This writ seeks review of a judgment in replevin based upon a stipulation of the facts.

It appears from the stipulation that prior to April 23, 1929, Kappel was the lessor, and Cohen the

lessee, of a certain store under a form of lease herein-after referred to; that on April 22, Cohen made an assignment for the benefit of his creditors to the plaintiff Friedman, as trustee, for their benefit, and that on April 23, Friedman took possession of all assets and of the store and continued possession thereof until May 16, 1929, when the assets were sold and the store delivered to Kappel; that said assignment was a bona fide transfer of said property for the benefit of Cohen's creditors; that while at the time of the transfer the monthly rental of $150 was owing for the months of March and April, a claim therefor is not involved herein; that Kappel at no time affirmatively consented to be bound by said assignment, and at no time prior to May 16, did he cancel said lease; that on May 1, the rent of $150 for May became due and remained unpaid on May 16; that on that date Kappel levied a distress warrant on part of the property which had been so assigned and transferred, and a summons was issued for "the sum of $150"; that Kappel released the property distrained to Friedman and allowed him to sell the same upon agreement that this suit would be filed to test the right of possession to the property distrained.

The main point urged for reversal is that the right of the landlord to distrain the property in the hands of the assignee may be enforced to the same extent as when in the hands of the assignor. In support of this proposition we are cited to the case of *O'Hara v. Jones,* 46 Ill. 288, where it was held on a similar state of facts that the assignee takes the property assigned for the benefit of creditors as a volunteer "and subject to all liens to which it is then liable," and that the landlord "retains his prior lien, with a right to enforce it to the same extent that it previously existed." The basic theory of the decision is that the landlord had a lien on the lessee's property prior to the assignment which he could thus enforce.

It was held in *Kellogg Newspaper Co. v. Peterson,* 162 Ill. 158, that at common law the goods of a tenant were free from a landlord's lien until they were actually taken under a distress warrant, and that except as to crops grown or growing on the demised premises the landlord in this State can acquire a lien only by commencing such proceedings.

In *Powell v. Daily,* 163 Ill. 646, upon a like state of facts to those in the *O'Hara* case, where distraint was made by the landlord after an assignment by the lessee for the benefit of his creditors and the assignee had taken possession of the property, it was again said that with such exception the landlord has, under the law, merely a right to distrain, and that his lien with said exception does not attach until after the goods have been levied upon under the distress warrant. Of his right to distrain in that case the court held that the landlord did not avail himself in time, "for the assignee had become invested with the title to and the possession of the goods several days before the distress warrant was issued." The court cited cases where the distress warrant was levied after title had passed by sale of the goods to a bona fide purchaser, thus applying the rule where title to the property distrained has passed to an assignee.

We are, therefore, bound to hold that the landlord acquired no lien by virtue of his distress warrant issued after the assignment and the assignee had taken possession of the property.

It is contended by plaintiff in error that as the assignee took the property as a volunteer and subject to prior liens, as held in the *O'Hara* case, he took the same subject to the lien provided for in the lease, as follows:

"Meaning and intending hereby to give the said party of the first part, his heirs and executors, administrators or assigns, a valid and just lien upon any and all of the goods, chattels and other property belonging

to said party of the second part, as security for the payment of said rent in the manner aforesaid, anything hereinbefore contained to the contrary notwithstanding."

It is contended by defendant in error that the provision is too indefinite to create a valid lien on any property, citing *Chicago Title & Trust Co. v. Corporation of Fine Arts Bldg.,* 288 Ill. 142, and *Borden v. Croak,* 131 Ill. 68, where the effect of somewhat similar clauses was considered. We deem it unnecessary to construe the cited clause in this case. If it creates a lien it contemplates its enforcement by a proceeding in equity. The proceeding in the case at bar is one predicated solely on the landlord's common-law right to distrain for rent due and unpaid and not for a lien provided for by contract.

The judgment is affirmed.

*Affirmed.*

SCANLAN and GRIDLEY, JJ., concur.