In the Matter of the Estate of Charles Kraus,
Deceased.

Frank C. Topinka, Claimant Below, Appellant, v. The Borden Company and William Preuss, Appellees, Blanche I. Kraus, Administratrix, etc., Defendant Below.

Gen. No. 47,634.

First District, Second Division.

May 12, 1959.

Rehearing denied June 8, 1959.

Released for publication June 8, 1959.

460

Paul Broccolo, of Chicago, for appellant.

Joseph A. Greaves, Raymond J. Goss, of Chicago, for The Borden Company, one of the appellees.

JUSTICE KILEY delivered the opinion of the court.

This is a proceeding by a landlord, Topinka, to establish a preference in payment of rent for premises occupied by the Administratrix. The court in a trial de novo, upon appeal from the Probate Court, entered an order adverse to the landlord and he has appealed.

The proceeding began in the Probate Court October 3, 1957, with Topinka's petition for an Order On The Administratrix To Pay Past Due And Current Rent of $680 for store premises operated by the Administratrix "under an order of this court . . . in said estate." He stated that despite demands the rent that should have been paid by the Administratrix as a "preferred item" was still unpaid; that in August, 1957, he recovered judgment against the Administratrix for possession in a forcible detainer action, and the execution of the writ of restitution was suspended on her promise to pay the past due rent and to pay the future rent promptly, but that she broke her promise; and that if the writ is executed the assets of the estate would be greatly diminished.

The Probate Court granted the relief asked for on October 4, 1957, and ordered the Administratrix to pay Topinka "forthwith . . . any and all rents due . . . including . . . October, 1957 and . . . pay the rent of $170.00 hereafter on the first day of every month. . . ." Later Topinka petitioned for a rule to show why the Administratrix should not be held in contempt for refusal to comply with the order. He stated that $19,500 had been realized from a sale of the assets of the business and that the Administratrix

461

had this and other funds on hand with which to comply with the order.

The next proceeding shown by the record is an order of the Probate Court entered January 22, 1958, on the oral motion of the Borden Company. The motion presented the issue whether Topinka had a right to a priority in payment of rent over the claims of Borden and other creditors who had furnished merchandise, services or insurance to the Administratrix in the conduct of the business. The court found the funds on hand from operation of the business and sale of assets were insufficient to pay all creditors of the business during the operation by the Administratrix, decided Topinka was not entitled to "preference or priority," and so ordered. It was from this order that Topinka appealed to the Circuit Court.

The only entry in the record on that appeal is the order entered June 20, 1958, and subject of this appeal. It finds that the claim for rent arose during the "continuation of the decedent's business"; that Topinka's claim is governed by Sec. 366a of the Administration of Estates Act (Ch. 3, Ill. Rev. Stat. 1957); and that he has no lien and that Sec. 16 of the Landlord and Tenant Act (Ch. 80, Ill. Rev. Stat. 1957) has no application. It sustained the Borden motion, ordered the Administratrix not to comply with the Probate Court order of October 4, 1957, and held that Topinka's claim was "not entitled to preference or any priority."

The question is whether the Circuit Court properly decided that Topinka was not entitled to a preferential payment.

Topinka concedes he has no lien on the assets of the estate and no right to distrain the property (Sec. 16) in control of the court. He contends, however, that in view of Sec. 16 of the Landlord and Tenant Act, Sec. 366a of the Administration of Estates Act should not be construed to place him on the same footing as

462

the other creditors during continuation of decedent's business.

He relies upon Lillard v. Noble, 159 Ill. 311; Faubel v. Michigan Blvd. Bldg. Co., 278 Ill. App. 159; and Howard v. Nichols, 360 Ill. 628, to support his theory that the preference he would have had against decedent in his lifetime under distraint (Sec. 16) should be preserved for him under his Probate Court petition. Defendant distinguishes Lillard on the ground that there a statutory lien existed in favor of the landlord as to the crops; in Faubel the lien existed by virtue of the provision in a lease; and in Howard there was no question of priority or administration expense or landlord's lien involved.

We think the distinctions made by Borden are valid. Furthermore, in Howard v. Nichols the claim was based on a lien given for personal property tax, Ch. 120, Sec. 239, Ill. Rev. Stat. 1935. Since Topinka concedes he has no lien, and that he could not distrain the property in custody of the court, there is no basis for extending the Lillard rule to his claim. The distress remedy provided in Sec. 16 is not available to him in this case and there is no lien which the Probate Court could enforce.

It is true that if Topinka and Administratrix were under the normal landlord and tenant relationship, Topinka could distrain the tenant's personal property and gain a lien through a levy, 32 Am. Jur. p. 461, Powell v. Daily, 163 Ill. 646, 650, and a preference over Borden and other creditors. But it is conceded that "distress as such does not lie" in Topinka's favor in this case, and he has not shown that, under the Continuation of Business Statute, Sec. 336a (Ch. 3, Ill. Rev. Stat. 1957) he is to be preferred.

The legislature did not give landlords a lien for rent in Sec. 366a nor establish a preference or priority in their favor. It provided that, while the business is

463

continued, "obligations incurred or contracts entered into shall be entitled to priority of payment out of the assets of the business. . . ." There is no distinction or classification made which establishes a priority or preference for Topinka over Borden and the other creditors. The effect of Sec. 366a is to remove the Administratrix, as tenant, from the operation of the distress remedy. The legislature gave no preference and no sufficient reason is advanced why, in the continuation of the business, claims for the goods and merchandise furnished should not be treated equally with the claim for rent.

██ The Administration of Estates Act does not establish a priority for landlords in the payment of administration expenses. The Seventh Circuit Court of Appeals decided, in In re United Motor Chicago Co., 220 Fed. 772, that a right to distrain conferred no preference over other creditors beyond the method of levy. Also in Kellogg Newspaper Co. v. Peterson, 162 Ill. 158, 161, in deciding that the distress remedy statute must be strictly construed, the court said: "Our statute does not give the landlord a prior lien by distress greater than existed at common law," except as to crops, and held that liens of execution on confession judgments were prior to a landlord's lien on later writs of distress. And at common law there was no landlord's lien but only the remedy to distrain, Herron v. Gill, 112 Ill. 247.

The case of In re Mullings Clothing Co., 230 Fed. 681, relied on by Topinka, did say that rent for premises occupied by a receiver or trustee in bankruptcy was considered a preferred claim, but did not decide that it would be preferred over suppliers of goods during that period.

██ We conclude that the Circuit Court did not err in deciding Topinka had no right to be preferred over the other creditors of the Administratrix.

Plaintiff made no objection to the form of Borden's motion and we shall not consider the objection raised, to the motion, in this court.

For the reasons given the order is affirmed.

Affirmed.

LEWE, P. J. and MURPHY, J., concur.