JOHN T. LILLARD *et al.*

*v.*

CHARLES M. NOBLE, Admr.

*Filed at Springfield January 17, 1896.*

1. EXECUTORS AND ADMINISTRATORS—*lien for rent not denied by allowing the claim as of the seventh class.* A judgment of the probate court allowing a claim for rent, classing it as of the seventh class without expressly giving it priority as a lien, does not constitute a refusal to recognize the claim as a lien.

2. JUDGMENTS AND DECREES—*striking case from docket—when not an adjudication.* An order striking from the common law docket of the county court a petition which clearly belonged to a case pending on the probate side of the court, is not an adjudication.

3. LANDLORD AND TENANT—*abandonment of distress does not waive lien.* An abandonment of distress proceedings against the estate of a decedent is not a waiver of the lien for rent.

4. SAME—*distress does not lie against administrator.* A proceeding to recover rent by distress cannot be commenced against an administrator.

5. SAME—*rights of landlord, acting as administrator of tenant.* A landlord administering the estate of his tenant, who died before rent became due, may lawfully apply the proceeds of property subject to his lien upon a judgment which he has promptly obtained for the allowance of his claim, with full notice to the court and all others of its character, unless this is prohibited by statute.

6. SAME—*right of administrator, who is also the landlord, to lien for rent.* A claim for rent becoming due after the tenant's death may be allowed by the probate court as a lien to be preferred, as well in the hands of the administrator as of any other landlord.

*Estate of Anthony Kern v. Noble,* 57 Ill. App. 27, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Anthony Kern died November 22, 1890, and letters of administration were issued to defendant in error on the 28th. At the time of his death Kern was a tenant upon Noble's farm, under a lease for a year, which lease ex-

pired March 1, 1891, and owing him upon notes given for rent due January 1, 1891, the sum of $980. The widow's award amounted to $1222.40, of which she received $400 in property and assigned the residue to John T. Lillard, for himself and Linebarger and Darnall, his co-plaintiffs in error, a copy of which assignment was served on the administrator. On January 7, 1891, the administrator issued his distress warrant for the amount he claimed for rent, which was returned on the 15th, levied upon certain corn stated in the return and formally admitted on the trial to have been raised by the deceased on the demised premises. On the same day (January 15) he filed his notes, with his claim for $980, and interest at six per cent from January 1, 1890, "for and on account of rent," verified by his affidavit. On the 29th he filed a petition entitled, "In the County Court.—Charles M. Noble *vs.* Estate of Anthony Kern," reciting the facts above set forth, with the further statement "that said property distrained is of a perishable nature, and in danger of immediate waste or decay, and the same has not been replevied or bonded," and praying, "that inasmuch as your petitioner has this claim against the said estate and is claiming a lien on such grain, some discreet person may be appointed by the court to defend such claim, and that an order may be entered" directing the bailiff to sell the property, or so much as may be necessary to pay the amount due petitioner and the costs of this proceeding, and pay the proceeds to the clerk of this court, to be held by him until the amount so due should be adjudicated, and then be applied to pay said costs and claim, and the balance, if any, to the administrator, to be held as assets of said estate. It appears that this matter was by the clerk placed on the common law docket of the court as a separate case, under the title above set forth, and the petition was not among the files in the case of the estate in the probate court, but that this was done without the direction or knowledge of the county judge

or of the petitioner, who intended it as a proceeding in said case.

On the 23d of March, 1891, the administrator's claim was presented for adjudication, whereupon the court appointed John T. Lillard to defend, who appeared, and on hearing, without a jury, which was waived, upon "the evidence produced and the arguments of counsel," the court found there was "due to said C. M. Noble, on his said claim, the sum of $993.56, which is allowed and entered against said estate as of class seven." No further action was taken in the distress proceeding, and on the 14th of April the following order was entered on the common law side of the county court:

"*C. M. Noble,*
          vs.          } Distress for Rent.
*Estate of Anthony Kern.*

"And now at this day it is ordered by the court that said cause be stricken from the docket."

On the 2d day of October, 1892, Noble filed his sworn petition herein, setting forth that the petition of January 29, 1891, with copy of the distress warrant above referred to, were by him intended to be a part of the files in this cause, but were placed on the docket as a separate proceeding by the clerk without the knowledge or consent of petitioner, and asking that they now be considered and held to be a part of the files in this cause. It further sets forth that after the allowance of his claim he collected of the estate, on sale of the corn, a sum in excess of $1046.97, out of which he retained that amount for the rent due him, with interest, and asks that his act in that behalf be approved. It also refers to a report as administrator, sworn to by him on the 18th of April, 1892, not appearing in the record, as containing a charge for commissions on said sum of $1046.97, amounting to $62.82, which he concedes was improper, and that said amount be added to that therein stated as the "balance due" from

him.　To this petition plaintiffs in error answered, deny-
ing the facts alleged and the rights claimed thereon.

October 8, 1892, the administrator made to the court
his final report, showing charges against himself aggre-
gating $1683.67, and credits for moneys paid out, by items,
amounting to $1536.93.　The latter included the $1046.97
retained by him for rent, as to which the report states
the indebtedness of Kern, at the time of his death, to the
administrator, for rent, the issuance and levy of the dis-
tress warrant on the corn mentioned in the report, which
was raised on the demised premises, the subsequent sale
of the same by Noble, as administrator, and payment
to himself out of the proceeds of said sum.　It showed
no payment on account of the widow's award, of which
$822.40 remained unpaid, and for the payment of which,
and other debts, if any, a balance of only $146.74 remained
in his hands as administrator.　To this report plaintiffs
in error filed exceptions, applicable only to the item
claimed by him for rent, and for the same reasons as were
set forth in their answer to his petition of October 2.
That petition and answer, and this report and exceptions
thereto, were heard together, and an order was made
thereon that petition and distress warrant marked "filed
January 29, 1891," be considered and taken as part of the
files in this cause, that the exceptions to the report be
overruled, and that the report be approved.　That order
was by the circuit court affirmed, on appeal by plaintiffs
in error, and upon that judgment they prosecuted a writ
of error to the Appellate Court.　The Appellate Court
affirmed the judgment of the circuit court, and the pres-
ent writ of error is sued out for the purpose of reviewing
such judgment of affirmance.

JOHN T. LILLARD, and OWEN T. REEVES, for plaintiffs
in error:

Noble alleged his claim was "for and on account of
rent."　He filed a note and got judgment of the seventh

class on it, without reference to rent or claim of prece-
dence and with no adjudication of priority. Your honors
hold that such judgment in probate is binding and final,
and establishes only what the judgment itself recites.
*Wheeler* v. *Dawson*, 63 Ill. 57 ; *Johnson* v. *Gillett*, 52 id. 361;
*Mitchell* v. *Mayo*, 16 id. 84; *People* v. *Gray*, 72 id. 343; *Darling*
v. *McDonald*, 101 id. 377.

Defendant in error's judgment in probate fixed his
rights, and could not be subsequently amended and en-
larged, as was erroneously done here.        *Roberts* v. *Flatt*,
142 Ill. 486, and 42 Ill. App. 612; *Carrington* v. *Carrington*,
15 id. 393; *May* v. *Leighty*, 36 id. 17.

As defendant in error was administrator, he could
only collect his claims or get them adjudicated by having
an administrator *pro tem* to take his place *pro hac vice*, for
the estate.    Administration act, sec. 72.

If either party was not satisfied with the judgment, in
the trial so conducted, of the administrator's claim, an
appeal could be taken by either.    *Bassett* v. *Noble*, 15 Ill.
App. 360.

This holding of the Appellate Court that the action of
the county court was not an adjudication, cannot stand
consistently with the law as applied by this court in
*Darling* v. *McDonald*, 101 Ill. 377; *Mitchell* v. *Mayo*, 16 id. 84;
*Wheeler* v. *Dawson*, 63 id. 57; *Johnson* v. *Gillett*, 52 id. 361;
*People* v. *Gray*, 72 id. 343; *Hales* v. *Holland*, 92 id. 494.

To have the legal order of distribution reversed, as by
giving Noble a priority over all creditors, a very clear
case must be shown.    *Bank* v. *Gage*, 93 Ill. 172.

KERRICK & SPENCER, for defendant in error:

A proceeding by distress for rent is not the exclusive
or only remedy for the assertion or protection of a land-
lord's lien.    *Thompson* v. *Mead*, 67 Ill. 395; *Hunter* v. *Whit-
field*, 89 id. 231; *Wetsel* v. *Mayers*, 91 id. 497; *Frink* v. *Pratt*,
130 id. 333.

The abandonment of distress proceedings is not a
waiver of the lien.    *Wetsel* v. *Mayers*, 91 Ill. 497.

A mere dismissal of the cause is in no sense a final judgment, and is no bar to a subsequent proceeding in the same matter. (Freeman on Judgments, (3d ed.) sec. 261, *et seq.* and cases cited.) Nor is an order of court merely striking a cause from the docket. *Frederick* v. *Bank*, 106 Ill. 147.

There is no mode of payment or distribution hinted at in the judgment. The statute expressly reserves such orders until the time of settlement by the administrator. Administration act, sec. 113, chap. 3.

Per CURIAM: In their opinion the Appellate Court give the following reasons for affirming the judgment of the circuit court in this case:

"It is shown and conceded that the full amount of the item in dispute was due from the estate of Kern to Noble for rent; that Noble, as landlord, had a lien on the crops grown on the demised premises during the term; that the corn in question was so grown, and that the amount retained by Noble was wholly out of the proceeds of his sale of the same as administrator. But it is contended that he was entitled to share only *pro rata* with other creditors of the seventh class, and with them only in the assets remaining after payment in full of the claims of the first six classes, for the reasons assigned, that his claim was allowed and classed as of that class, and that he failed to institute any proper proceeding to assert and enforce his lien within six months from the determination of the lease.

"It was proper that he should file for proof and allowance whatever claim he had against the estate, and clear that the claim he did file was of the seventh class described in the statute—not coming within either of the six preceding. (Rev. Stat. chap. 3, sec. 71.) But it was made and filed expressly 'for and on account of rent,' and was allowed accordingly, for, the judgment of allowance not being full and formal, its import and effect should be ascertained by reference to the claim. It not only fixes

the amount, but identifies the cause of action. Being such, the statute gave him a lien on the corn in question, to continue for six months from the expiration of the lease. (Chap. 80, sec. 31.) It was a paramount lien, of which every person must take notice, and which can be lost only by waiver, or failing to enforce it at the proper time. It depends for its vitality upon such facts, and the statute applicable thereto, and not upon the judgment of any court or the employment of any means for its enforcement. It precedes these, and would continue for the time so fixed without them, or however defective they might be, unless waived. (*Frink* v. *Pratt*, 130 Ill. 327, and cases cited on p. 333.) Hence, if the county court, sitting in probate or in common law, had refused to recognize the claim as a lien, as it is assumed and asserted in the argument, such refusal would not have affected its statutory character and dignity. But the judgment of March 23, allowing the claim and classing it as of the seventh class, without expressly giving it priority as a lien, was not such refusal. Nor was the order of April 14, striking the supposed case from the common law docket. There was no such case on that side of the court. It was improperly placed on that docket. The title of the petition filed with the distress warrant on January 29, upon which it was so entered, clearly showed it belonged in the files in the case previously and then pending on the probate side, of which the court, in its character as a common law court, had no jurisdiction. The proper practice, therefore, was to order it stricken from its docket. (*Wadhams* v. *Hotchkiss*, 80 Ill. 439.) The petition being on its face addressed 'To the judge of the county court of McLean county,' entitled 'C. M. Noble *vs*. The Estate of Anthony Kern,' and stricken by that judge from his common law docket, could go nowhere but to the files in the same case on the probate side, as was evidently intended by the petitioner when it was filed, and so afterwards found as a fact by the same judge in the latter case. The order

striking it adjudicated nothing touching the claim. (*Frederick* v. *C. R. Savings Bank*, 106 Ill. 147.) Whether the petition was or was not brought to the attention of the court in probate before March 23, when the claim was allowed and classed, is not very material. It would have served to show more distinctly that Noble filed his claim as a lien upon the corn, but the court could not, or presumably would not, have granted the order asked for—that the bailiff sell it as perishable property—because the statute authorized it only in the course of proceeding by distress, (Rev. Stat. chap. 80, sec. 27,) and here there had been no valid distraint, the tenant having died before the warrant issued, and the proceedings so undertaken had been abandoned. No order, however, was in fact ever made by that court upon or in relation to that petition until October 8, 1892, in the one approving his final report, and by that only declaring and holding it, with the distress warrant annexed, a part of the files in this case. It had long ceased to require or admit of any other. An administrator to defend had been appointed and had served, and there had been no bailiff in possession of the corn since the claim was allowed. Noble himself, as administrator, had sold it and retained out of the proceeds the amount of his claim, and as early as the preceding April so reported, to the court. Nothing of the prayer remained, and therefore nothing was denied. So there has been no adjudication against the claim as a lien to be preferred, unless by its classification. And since it does not depend for its vitality upon the institution of distress proceedings to enforce it, an abandonment of such proceedings is not a waiver of it. *Wetsel* v. *Mayers*, 91 Ill. 497.

"Nor do we discover any want of due diligence on his part in its prosecution. The issue and levy of a distress warrant is not understood to be the only means for the assertion, protection and enforcement of the landlord's lien. (*Frink* v. *Pratt*, 130 Ill. 327.) In this case there was neither necessity nor authority for a resort to that means.

The tenant died before any rent became due. He was in no such default as entitled his landlord so to proceed before it became due, having neither abandoned the premises, (chap. 80, sec. 33,) nor, without the consent, sold or removed or permitted to be removed, nor been about to sell and remove or permit to be removed, from the premises any such part of the crops raised thereon as would endanger his lien. (Sec. 34). Nor was the landlord in any wise to blame for the situation.

"It is said he might have secured the appointment of an administrator *pro tem* and issued a distress warrant against him, and the case of *Raugh* v. *Ritchie*, 1 Bradw. 188, is cited as to that effect. It was there held, that where proceedings by distress are commenced against the tenant in his lifetime, it may be continued against his administrator, for the reasons that the cause of action survives, and therefore the remedy also, and that the statute expressly provides that after service of process upon the tenant, personally or by publication, the suit 'shall proceed in the same manner as in case of attachment,' (chap. 80, sec. 20,) in which the proceedings do not abate by the death of the defendant,—citing *Davis* v. *Day*, 19 Ill. 386. But we know of no authority for holding that a proceeding by distress may be commenced against an administrator. Its only use is to obtain possession of the property which the tenant might otherwise so dispose of as to defeat the lien. There is no such danger from the administrator, and therefore no use for such a proceeding against him. He is under ample bonds to account for and administer it according to law and the order of a court competent to ascertain and enforce the rights of all parties interested in it. What course, then, could be more appropriate than the one here pursued?

"Noble filed his claim promptly, and obtained judgment for its allowance, with full notice to the court and all others of its character, within three months of the expiration of the lease. No process was required to give

him possession of the corn or to authorize its sale. As administrator he already had rightful possession and title, in trust for creditors and distributees, as their respective rights should appear; and if he was a creditor as well, with a paramount lien, could lawfully apply the proceeds of its sale to the payment of his debt in full, unless the provision of the statute relating to the classification and order of payment, where the assets are insufficient to pay all claims in full, absolutely and imperatively forbade. The provision is, that 'all claims against estates, when allowed by the county court, shall be classed and paid by the executor or administrator in the manner provided in this act, commencing with the first class; and when the estate is insufficient to pay the whole of the demands, the demands in any one class shall be paid *pro rata*, whether the same are due by judgment, writing obligatory or otherwise, except as otherwise provided.' (Chap. 3, sec. 71.) That clearly establishes the rule, in cases of such insufficiency, of payment *pro rata* of classes in their order. But it makes some exceptions. The language employed to indicate them is different from that used in the corresponding sections of the statutes previously in force, which limited them to cases indicated in those acts. (Rev. Stat. 1845, chap. 109, sec. 120; Rev. Stat. 1833; Laws of 1829, chap. on 'Wills,' sec. 114; Laws of 1823, p. 127.) Here it is more general—'except as otherwise provided,'—which must be either by some provision of this or any other statute, or by order of the court made in the fullness of its probate jurisdiction.

"In a case of a proceeding by distress against a tenant, continued against his administrator, the property levied upon would be subject to execution for the sole benefit of the plaintiff, and only the residue, after the payment of his claim and the costs, would be assets in the hands of the administrator. If in this case, where such a proceeding was legally impossible only by reason of the tenant's death before the rent became due, the probate court

may not allow the claim for rent becoming due after such death as a lien to be preferred, as well in the hands of the administrator as of any other landlord, and charge him only with the residue of the proceeds of the property once subject to such lien, as assets, it must be because this statutory and paramount lien is lost, without fault or *laches* of the creditor, by such death of the debtor, and notwithstanding the survival of the claim as a cause of action. We are of the opinion that such is not the legal effect or consequence of that event, but that while it prevents the particular remedy by distress, the statute preserves the character it originally impressed upon the claim, which should be respected by any court having jurisdiction of it in which that character is duly asserted. The judgment below will be affirmed."

We concur in the foregoing views. The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*