(No. 19287.—)

THE PEOPLE ex rel. B. A. Orrison, County Collector, Appellee, vs. J. W. GIBSON, Appellant.

*Opinion filed June 19, 1929.*

E. J. HAWBAKER, for appellant.

ROBERT P. SHONKWILER, State's Attorney, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Piatt county applied to the county court of that county for judgment and order of sale against real property returned delinquent for non-payment of the taxes levied for the year 1927. J. W. Gibson filed objections with respect to a certain parcel of land. His objections were overruled, judgment was rendered, and he prosecutes this appeal from that judgment.

Appellant, a hardware merchant in the village of Hammond, in Piatt county, delivered to the local assessor a schedule of the personal property in his possession on the first day of April, 1927. The assessor fixed the full value of appellant's stock in trade at $8400. The board of review increased the valuation to $9400 and the taxes for the year 1927 were extended upon one-half of that sum, which under the statute then in force constituted the value of

the stock for purposes of assessment. The taxes so levied were not paid and the county collector asked judgment therefor against a certain parcel of real estate which the appellant owned. The taxes regularly levied upon this parcel for the same year appellant had theretofore paid. The evidence offered by the county collector disclosed no reason why the personal property taxes to which it was sought to subject appellant's real estate could not have been satisfied out of his personal property.

It is contended by appellant that the increase in the valuation of his stock of merchandise by the board of review was void for the want of notice and a hearing upon the question whether the increase should be made. Appellant was notified that he would be heard by the board with respect to the contemplated increase on a certain day. With his attorney he appeared before the board two days after the time fixed. The question whether the valuation placed upon his stock by the local assessor should be raised was discussed with the board and its decision was in the affirmative. The attorney prepared a protest against the board's action, but instead of filing it with the clerk he endorsed it, "Filed with the board of review," and retained it in his possession. The valuation fixed by the board of review, it appears, was not excessive. In view of these facts appellant's complaint that the valuation upon his stock of goods was raised without notice to him and without a hearing upon the question has no basis.

Appellant further contends that it was the county collector's duty to have recourse to his personal property for the collection of the taxes levied upon that property before seeking to subject his real estate to the payment of those taxes. The Revenue act prescribes the methods to be followed in the assessment and collection of taxes upon real and personal property in this State. Section 136 of the act directs that a warrant under the hand of the county clerk and the seal of his office shall be annexed to each town or

district collector's book, commanding the latter officer to collect from the several persons named in the book the taxes therein charged against them, respectively. The taxes assessed upon personal property are by section 254 made a lien upon the personal property of the person assessed from and after the time the tax books are received by the collector. Section 137 provides that in case any person named in the collector's book shall neglect or refuse to pay his personal property tax the warrant shall authorize the town or district collector to make collection by distress and sale of the delinquent's goods and chattels. If any town or district collector shall be unable to collect any tax on personal property charged in the tax book, because of the removal or insolvency of the person to whom the tax is charged or on account of any error in the tax book, section 170 requires that he shall, at the time of returning his book to the county collector, note in writing opposite the name of each person charged with the tax the reason for his failure to collect it, and that he shall make oath that the cause of delinquency or error noted is true and correct, that the tax remains due and unpaid, and that he has used due diligence to collect it. The affidavit, the same section further provides, shall be entered upon the collector's book and signed by the town or district collector. By section 173 each town or district collector is required particularly to note in his returns to the county collector all cases of personal property tax which he was unable to collect and which can be made from real estate of the persons owing such tax. Section 255 provides that personal property shall be liable for taxes levied on real property and real property shall be liable for taxes levied on personal property, but that the tax on personal property shall not be charged against real property except in cases of removals or where the tax can not be made out of the personal property. By section 183 it is provided, among other things, that when it becomes necessary to charge the tax on personal property against

real estate the county collector shall select for that purpose some particular lot or tract owned by the person owing such tax, and that in his advertisement for judgment and sale he shall designate the particular lot or tract so selected.

It is manifest from the foregoing statutory provisions that recourse for the payment of taxes on personal property must be had primarily to property of that character. The inability of the collector to obtain satisfaction of such taxes out of the personalty of the party assessed must be shown in the manner prescribed by the statute before judgment for the taxes may be rendered against a particular parcel of the latter's real estate. (*People* v. *Toluca State Bank,* 327 Ill. 638; *People* v. *St. Louis Merchants Bridge Co.* 291 id. 95; *People* v. *Scheifley,* 252 id. 486; *Mt. Carmel Light and Water Co.* v. *People,* 166 id. 199; *Schaeffer* v. *People,* 60 id. 179.) The collector in this case failed to note in his book, opposite appellant's name, the cause of his failure to collect the personal property taxes charged against the appellant, nor did the collector show that he had used due diligence to collect the taxes so assessed. Hence there was no compliance with the statutory requirements relative to charging personal property taxes upon real estate. Moreover, the evidence shows that appellant was possessed of a stock of merchandise of considerable value and that the personal property taxes could have been collected by a levy upon and a sale of a portion of that stock. It follows that the county court erred in rendering judgment against appellant's real estate for the personal property taxes assessed against him.

The judgment of the county court of Piatt county is reversed and the cause is remanded to that court.

*Reversed and remanded.*