Home Building & Loan Association of Paris, Illinois, Defendant in Error, v. William F. Gaumer et al., Plaintiffs in Error.

Gen. No. 8,663.

Opinion filed January 16, 1933.

O'Hair & McClain, for plaintiffs in error.

Dyas & Redman and Jones, McIntire & Jones, for defendant in error.

Mr. Justice Shurtleff delivered the opinion of the court.

By this writ of error plaintiffs in error seek to reverse a decree of the circuit court of Edgar county, ordering foreclosure of a trust deed which defendant in error, Home Building & Loan Association, of Paris, Illinois, the complainant in the suit, held as collateral security for a loan made by it to one Edgar E. Gregg.

On December 21, 1908, William F. Gaumer and Ella Gaumer, his wife, being indebted to E. E. Gregg in the sum of $6,000, made and delivered to said E. E. Gregg, a promissory note of that date for said sum, payable to the order of themselves in 10 years after date, with interest at six per cent per annum, payable on January 1, 1909, and then semiannually. This note was duly indorsed by the makers and delivered to said Edgar E. Gregg who became the legal owner and holder therof. A copy of this note was attached to the bill of complaint.

To secure the payment of said note, said William F. Gaumer and Ella Gaumer executed and delivered to Edgar E. Gregg, trustee, a trust deed in the usual form dated December 21, 1908, conveying a part of lot 44 in the original town (now city) of Paris, Illinois. Said trust deed was duly filed for record and recorded in the office of the recorder of deeds of Edgar county, Illinois, on December 24, 1908. A copy of this trust deed was attached to the bill of complaint.

On January 15, 1912, said William F. Gaumer and Ella Gaumer, his wife, conveyed the real estate above mentioned to one William H. Bull, and in the deed of conveyance the grantee assumed and agreed to pay the

indebtedness secured by said trust deed. On or about the 15th day of November, 1916, the conservator of said William H. Bull, by virtue of an order and decree of the county court of Edgar County, sold said real estate at a judicial sale and Edgar E. Gregg purchased said premises for the amount of his debt represented by the note and trust deed, and received a conservator's deed therefor.

On January 1, 1919, said Edgar E. Gregg, then being the owner of the real estate covered by the trust deed, signed an extension agreement, extending the time of payment of the said note and trust deed until the first day of January, 1929.

On December 31, 1927, said E. E. Gregg borrowed from the complainant, Home Building & Loan Association, of Paris, Illinois, the sum of $5,000 and to secure said loan, gave to the complainant his promissory note of that date for said sum, payable one year after date. A copy of this note was attached to the bill of complaint. To secure the payment of said note, said E. E. Gregg also delivered to the complainant, as collateral security, the note and trust deed executed by the Gaumers and also the extension agreement executed by Gregg, above mentioned.

E. E. Gregg died testate on June 12, 1930, and The First National Bank and Trust Company, of Paris, Illinois, was appointed administrator with the will annexed of his estate. Said Gregg left surviving him as his only heir at law Evelyn A. Gregg, his sister, who was also named as sole legatee and devisee under his will.

Gregg's note to the Home Building & Loan Association was not paid when due and the bill in this case was filed to foreclose the trust deed which he had pledged to the complainant as collateral security.

The above facts were alleged in the bill of complaint, in the amended plea filed and were stipulated on

the hearing before the special master. It was further stipulated that the amount due on the note from Gregg to the Home Building and Loan Association for principal and interest was the sum of $4,820.04, and that the amount due and owing on the Gaumer note secured by the trust deed was $7,222.12.

William F. Gaumer and Ella Gaumer were made defendants and filed a plea setting up the statute of limitations and no relief was decreed against them.

The First National Bank and Trust Company, as administrator with the will annexed of the estate of Edgar E. Gregg, deceased, The First National Bank and Trust Company of Paris, Illinois, individually, Roscoe Rives, sheriff of Edgar county, Illinois, successor in trust, and Evelyn Gregg also filed a plea. The Terre Haute National Bank and Trust Company of Terre Haute, Indiana, asked and was granted leave to adopt the plea filed by the last named defendants. The First National Bank and Trust Company individually is not interested in this appeal. It was originally a party defendant to the bill for the reason that it held a second mortgage on a part of the real estate described in the deed of trust and upon which it was stipulated that the deed of trust was no lien for the reason that that particular real estate continued to be owned by the Gaumers and the trust deed was barred by the statute of limitations as to them. Roscoe Rives, as sheriff of Edgar county, Illinois, was made party defendant to the bill for the reason that the trust deed provided that in case of the death of the trustee named therein, then the acting sheriff of Edgar county should be successor in trust. The Terre Haute National Bank and Trust Company was not made a party defendant to the bill but it intervened and adopted the plea of the administrator, as above stated, as a creditor of the estate of Edgar E. Gregg, deceased, but it does not appear from the stipulation or from

any other part of this record that it is a creditor or what interest it has, if any, either in the estate of Edgar E. Gregg, deceased, or in this litigation. Later, the First National Bank and Trust Company, as administrator, the First National Bank and Trust Company, individually, Roscoe Rives, sheriff, and Evelyn Gregg filed an amendment to their plea. The original plea of these parties, as amended, being deemed insufficient by the complainant, the same was set for hearing by the court and upon the hearing was overruled, and then an amended plea was filed by the First National Bank and Trust Company, as administrator, O. M. Sizemore, sheriff, Evelyn A. Gregg and Terre Haute National Bank and Trust Company. No other plea or answer was filed by any of them. O. M. Sizemore, mentioned in said plea, had succeeded Roscoe Rives as sheriff of Edgar county, at the time the amended plea was filed. The complainant filed a replication to this amended plea.

The cause was referred to a special master, who found the facts as above stated and recommended that the complainant have a decree of foreclosure for $5,120.04, the same being the amount due on the note of Gregg to the complainant, together with a solicitor's fee of $300, authorized by the trust deed. Objections and exceptions to the special master's report being overruled, a decree was entered ordering that The First National Bank and Trust Company, of Paris, Illinois, as administrator with the will annexed of the estate of Edgar E. Gregg, deceased, pay to the complainant within 20 days the sum of $5,120.04 and costs, and that in default thereof the premises be sold.

The only proofs in the record consist of the so-called extension agreement, executed by Edgar E. Gregg in his lifetime, as follows:

"Paris, Illinois, January 1st, 1919

"The undersigned hereby covenants that he is the legal owner of the real estate conveyed to Edgar E.

Gregg, Trustee, by a trust deed dated December 21, 1908, made by William F. Gaumer and Ella Gaumer, his wife, and given to secure the payment of a note or bond for the sum of $6,000, payable January 1st, 1919 to the order of Themselves and by them indorsed and delivered upon which note or bond it is hereby acknowledged there is due and unpaid the sum of $6,000 of principal money; and in consideration of the extension of the time for the payment thereof, the undersigned hereby promises and agrees to pay the principal sum due on said note or bond at the office of E. E. Gregg, Paris, Illinois, on the first day of January, 1929, and also the interest thereon at the rate of six per cent per annum, in semi-annual payments during said term of extension, according to the tenor and effect of the 'extension coupons' hereto attached; and all conditions, covenants and agreements contained in said trust deed are hereby continued in force and ratified, and this agreement shall bear the same relation thereto and be construed therewith in the same manner as the original note or bond hereby extended; and in case of default in payment of any of said 'extension coupons' or in case of non-payment of taxes on said real estate, or breach of any of the covenants contained in said trust deed, it shall be optional with the legal holder of said note or bond to declare said principal sum immediately due and payable.

Edgar E. Gregg.''
and a stipulation in the record as to the devolution of the title of the lands, the trust deed indebtedness, the loan made by Gregg from the complainant on December 31, 1927, and that at the time of making said loan Gregg transferred and delivered to the complainant the above mentioned note and trust deed of the Gaumers and the extension agreement.

It was further stipulated: ''6. That the said note of the said Edgar E. Gregg to the Home Building and Loan Association of Paris, Illinois, is past due and

unpaid, and that the amount due on said note for principal and interest is the sum of $4,820.04.

"7. That by resolution of its board of directors the complainant has authorized its attorneys to file the bill of complaint in this cause to foreclose the said trust deed executed by William F. Gaumer and Ella Gaumer, his wife.

"8. It is agreed that if the Court should find upon the hearing upon the bill and the pleas of the defendants William F. Gaumer, Ella Gaumer, Fred Rhoads, trustee, Propst Lumber Company, a corporation of Paris, Illinois; First National Bank and Trust Company of Paris, Illinois, administrator with the will annexed of the estate of Edgar E. Gregg, deceased, and the First National Bank and Trust Company of Paris, Illinois, Roscoe Rives, Sheriff of Edgar County, Illinois, successor in trust, Evelyn Gregg and Terre Haute National Bank and Trust Company, in favor of the complainant and against said defendants, and that the note executed by the Gaumers and the trust deed was not paid prior to its delivery by the said Edgar E. Gregg to the complainant, and was not merged in the fee simple title, and the force and effect were not destroyed, and the same are held valid, that in such case there is a default, and the amount due, according to the terms of said instrument, is $7,222.12, including principal, interest and solicitor's fees.

"9. That said Edgar E. Gregg died testate on or about the 12th day of June, 1930, and that the First National Bank and Trust Company of Paris, Illinois, is the duly appointed, qualified and acting administrator with the will annexed of the estate of said deceased; that said Edgar E. Gregg left surviving him as his only heir at law and as the sole legatee and devisee under his said will, Evelyn A. Gregg, his sister.

"10. It is further stipulated and agreed that the mortgage mentioned in the bill of complaint is not a

lien on that portion of the real estate described in the bill as parts of lots Nos. 55 and 56 in the original town, now City of Paris.

"11. It is further stipulated and agreed that on or about January 15, 1912, the said William F. Gaumer and Ella Gaumer, his wife, then being the owners of the said real estate described in the bill of complaint as a part of lot No. 44 in the original town, now City of Paris, Illinois, conveyed the fee simple title thereof to one William F. Bull, and that the purchaser in and by said deed of conveyance assumed and agreed to pay the amount of said mortgage indebtedness.

"12. It is further stipulated and agreed that on or about the 15th day of November, 1916, by virtue of an order and decree of the County Court of Edgar County, Illinois, B. H. Pinnell, conservator for the said William F. Bull, sold the said lot No. 44 at judicial sale, and that the said Edgar purchased said premises for the amount of said mortgage indebtedness of which he was then the legal holder and owner, and that the said Edgar E. Gregg paid no money or other consideration for said premises, and that he received a conservator's deed from the said B. H. Pinnell for the same."

The court found a decree establishing the indebtedness of Gregg to the complainant in the sum of $5,120.04, and decreed that the administrator of the Gregg estate should pay said sum within 20 days and that in default of payment the said Gaumer mortgage be foreclosed and the lands sold, etc. It was further ordered that the defendants, and all persons claiming by, through or under them since the commencement of this suit, be forever barred and foreclosed from all equity of redemption and claim of, in and to said mortgaged premises, or any part thereof, if not redeemed according to law, etc. There was no decree entered against the Gaumers, except as above set out.

The plaintiffs in error have brought the record to this court, by writ of error, for review.

There is much contention in the briefs as to the merger of the Gaumer trust deed title with the title obtained by Gregg through the probate court in the estate of William H. Bull, deceased. Bull, in purchasing the lands from Gaumer, assumed and agreed to pay the mortgage debt. Gregg, in purchasing the lands at the sale by the conservator of the Bull estate, bid the amount of the mortgage debt for the lands and received a conveyance in fee therefor without making any payment, but the bid and purchase canceled the mortgage debt. William H. Bull and his estate were thereby relieved from the assumption of the mortgage debt made by Bull in his lifetime with the Gaumers. This transaction also, made on November 15, 1916, relieved the Gaumers from the payment of the mortgage indebtedness as evidenced by the note and trust deed indebtedness executed in 1908, and the indebtedness having been fully paid the trust deed became a dead pledge. By the terms of said instrument the said trustee, Gregg, had covenanted to reconvey the said lands to the said William E. Gaumer and Ella Gaumer, their heirs or assigns. If the covenants of the trust deed had been carried out, Gregg, trustee, would have reconveyed to Gregg, absolute owner. The payment of the Gaumer indebtedness left no virtue in the mortgage or trust deed indebtedness to execute. So far as the Gaumer indebtedness is concerned, by the original note and trust deed the statute of limitations had fully run on December 21, 1928, 10 years after the note became due, and so far as the Gaumers were concerned the obligation became defunct and was ended. Gregg had no power to give it life as to anyone other than himself, possibly by way of an equitable mortgage, good between complainant and himself. In 1916, when Gregg purchased the land at conservator's sale, he agreed to pay the mortgage debt as the purchase price

of the land and it was payable to himself. The relationship is fully described in vol. 40, Corpus Juris, page 650, as follows: "Rights are said to be merged when the same person who is bound to pay is also entitled to receive. This is more properly called a confusion of rights or extinguishment. When there is a confusion of rights and the debtor and creditor become the same person, there can be no right to be put in execution; but there is an immediate merger. 'Merger' is said to be the equivalent of confusion in the Roman law, and, when used with reference to demands, indicates that, where the qualities of debtor and creditor become united in the same individual, there arises a confusion of rights, which extinguishes both qualities; whence, also merger is often called 'extinguishment.' " This rule is elucidated in *Donk Bros. & Co. v. Alexander & Taussig,* 117 Ill. 330, 338, where the court say: "Abbott, in his Law Dictionary, vol. 2, title 'Merger,' says: 'Merger is the equivalent of *confusion* in the Roman Law, and (when used with reference to demands), indicates that where the qualities of debtor and creditor become united in the same individual, there arises a confusion of rights which extinguishes both qualities; whence, also, merger is often called extinguishment.' Bouvier, in his Dictionary, vol. 2, title, 'Merger,' under the head of 'Rights,' says: 'Rights are said to be merged when the same person who is bound to pay is also entitled to receive. This is more properly called a confusion of rights, or extinguishment. When there is a confusion of rights, and the debtor and creditor become the same person, there can be no right to put in execution.' The same rule is recognized in Pomeroy's Equity, vol. 2, secs. 789, 790. The extinguishment is complete at law, though in equity, under certain circumstances, a merger or extinguishment will be prevented." The same rule is also laid down in *Clark v. Glos,* 180 Ill. 556, 566.

Whether the circumstances in this case would permit a merger in equity does not arise upon this record, as defendant in error made no such case by its bill. It presented a bill to foreclose a mortgage indebtedness executed by the Gaumers, and upon which it averred that the said William F. Gaumer and Ella Gaumer were liable upon said note to defendant in error in the full sum of $6,000 and the unpaid interest. This is not in accordance with the proofs. Defendant in error cannot make one case by its bill and a different case by its proofs. (*Butler v. Brown,* 205 Ill. 606; *Rice Co. v. McJohn,* 244 Ill. 264; *Lewis v. Lewis,* 316 Ill. 447.) In *Lewis v. Lewis, supra,* the court held: "Relief can be granted only in accordance with the allegations of the bill, sustained by proof. A decree cannot be rendered upon facts shown by the evidence which would warrant relief, unless those facts are alleged in the bill. *Higgins v. Higgins,* 219 Ill. 146."

Whether defendant in error has an equitable mortgage or not is not before the court in this case to decide. What the rights of the plaintiffs in error would be as against an equitable mortgage as distinguished from a regular, recorded mortgage, is not involved in this case. It is sufficient to hold that the testimony submitted does not establish the case set out in defendant in error's bill. It follows that the decree of the circuit court of Edgar county is reversed and the cause remanded for such further proceedings as may be taken, not inconsistent with the views set out in this opinion.

*Reversed and remanded.*