(No. 22964.—

DALE F. HOWARD, County Collector, Appellee, *vs.* GEORGE E. NICHOLS, Exr. *et al.* Appellants.

*Opinion filed June 14, 1935.*

Guy R. Jones, and Robert F. Cotton, for appellants.

Harry L. Pate, for appellee.

Mr. Justice Jones delivered the opinion of the court:

The county court of Douglas county overruled objections to the entry of judgment for personal property taxes levied against the estate of Albert W. Wallace, deceased, and charged against certain real estate devised by him to Harry L. Wallace. The objectors have prosecuted an appeal to this court.

The objections set out that the personal property tax was for the year 1933; that decedent's last will was admitted to probate on August 24, 1933; that the personal property of the estate in possession of the executor is more than sufficient to pay such delinquent taxes and all other claims against the estate; that if said claim had been duly presented against the estate the same could have been paid in the regular course of administration; that the collector filed no claim against the estate for such tax although the collector's books were in his hands nearly four months prior to the expiration of one year after the issuing of letters testamentary in the Wallace estate, and that the collector did not note on his books the reason why he failed to collect the personal property tax and had failed to show due diligence to collect such taxes. It was also objected that the assessment was excessive and should have been extended on a valuation of $12,500 instead of upon the full value of $25,000, in accordance with the practice in Douglas county.

The methods which must be pursued in order to charge delinquent taxes on personal property to real estate are

prescribed by the Revenue act. Section 137 provides that in case any person named in the collector's book shall neglect or refuse to pay his personal property tax the town or district collector is authorized by his warrant to make collection by distress and sale of the delinquent's goods and chattels. Section 170 provides that if any collector shall be unable to collect any tax on personal property charged in the tax book because of the removal or insolvency of the person to whom the tax is charged or on account of any error in the tax books, he shall, at the time of returning his book, note in writing, opposite the name of each person charged with the tax, the reason for his failure to collect it, and that he shall make oath that the cause of delinquency or error noted is true and correct, that the tax remains due and unpaid and that he has used due diligence to collect it. The same section further provides that the affidavit shall be entered upon the collector's book and signed by the collector. By section 173 the collector is required particularly to note in his returns all cases of personal property tax that he was unable to collect which can be made from real estate of the persons owing such tax. Section 183 provides that when it becomes necessary to charge the tax on personal property against real estate the county collector shall select for that purpose some particular lot or tract owned by the person owing such tax and designate such particular lot or tract in his advertisement for judgment and sale. Section 255 provides that personal property shall be liable for taxes levied on real property and real property shall be liable for taxes levied on personal property, but the tax on personal property shall not be charged against real property except in cases of removals or where the tax cannot be made out of the personal property.

In *People* v. *Gibson,* 335 Ill. 198, we said: "It is manifest from the foregoing statutory provisions that recourse for the payment of taxes on personal property must be had

primarily to property of that character. The inability of the collector to obtain satisfaction of such taxes out of the personalty of the party assessed must be shown in the manner prescribed by the statute before judgment for the taxes may be rendered against a particular parcel of the latter's real estate. [Citing cases.] The collector in this case failed to note in his book, opposite appellant's name, the cause of his failure to collect the personal property taxes charged against the appellant, nor did the collector show that he had used due diligence to collect the taxes so assessed. Hence there was no compliance with the statutory requirements relative to charging personal property taxes upon real estate. Moreover, the evidence shows that appellant was possessed of a stock of merchandise of considerable value and that the personal property taxes could have been collected by a levy upon and a sale of a portion of that stock. It follows that the county court erred in rendering judgment against appellant's real estate for the personal property taxes assessed against him." There is no difference between the situation in that case and the one at bar, except that here the personal property tax would be enforced by filing a claim against the decedent's estate instead of by a distress warrant and sale. (*Lillard* v. *Noble,* 159 Ill. 311.) The attempt to charge the delinquent personal property tax to real estate was therefore invalid.

Appellee contends that the objections as to the methods of attaching personal property taxes to real estate are jurisdictional, and that by appearing and filing objections to the merits appellants waived the jurisdictional questions. The statutory requirements are jurisdictional so far as the levy and collection of the tax are concerned, but jurisdictional matters in the levy and collection of taxes are wholly different from the question of the jurisdiction of a court to inquire into and ascertain whether the statutory requirements have been observed. Appellants' appearance was general. No question was raised as to the form of the

notice or the publication thereof. Such appearances have generally been recognized by this court as sufficient to question jurisdictional matters in the levy and collection of taxes. (*Chicago and Alton Railroad Co.* v. *People*, 163 Ill. 616; *Chicago and Alton Railroad Co.* v. *People*, 155 id. 276; *Weber* v. *Ohio and Mississippi Railway Co.* 108 id. 451.) Appellee's contention as to waiver of jurisdiction is without merit.

Whether or not the executor requested or agreed with the collector to attach the delinquent personal tax to real estate is immaterial. Such a request or agreement would not relieve the collector from his duty to fulfill the statutory requirements of endorsing in his collector's book the reason for his failure to collect the tax and to file the statutory affidavit; nor would such a request or agreement be binding upon the devisee of the land, who was not present and had no knowledge of such an arrangement.

Seventy-five per cent of the delinquent tax was deposited under protest, in compliance with the provisions of the statute. The objections prayed an order requiring the return of such deposit. Section 191 of the Revenue act provides that if any party objecting to any tax paid under protest is entitled to a refund of the amount, or any part thereof, so paid under protest, the court shall enter judgment accordingly. The tax having been illegally attached to the real estate and paid under protest the objectors were entitled to its return.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain the objections to charging the personal tax against the real estate and to enter an order for the return to the objectors of the amount paid under protest.

*Reversed and remanded, with directions.*