Thomas Hart KENNEDY, Plaintiff-Appellant,

v.

Robert L. SMITH et al., Defendants-Appellees.

No. 71–1222.

United States Court of Appeals, Seventh Circuit.

March 21, 1972.

Rehearing Denied July 11, 1972.

---

tors of a grain elevator (Webbs) and the landlord's tenant (Smith). The suit seeks damages from Smith for breach of a written lease and also seeks to exercise a claimed landlord lien, and to enforce a chattel mortgage against the tenant's share of corn held in the Webbs' grain elevator.

Kennedy also appealed from an order discharging his claim in bankruptcy against Smith but this point is not discussed in his brief and we shall consider it to have been abandoned.

Kennedy has been an Illinois landowner for many years. He also is an attorney and member of the Illinois Bar. He entered into a written lease with Smith by which Smith was to farm two farms owned by Kennedy in Woodford County, Illinois, said lease to commence March 1, 1967, and end the last day of February 1968. This lease was an eleven-page, single-spaced document apparently prepared by Kennedy. Smith proceeded to farm the lands described in the lease during the 1967 farming year.

One of the provisions of the lease stated: "All crops are solely owned by OWNER until division thereof has been accomplished as directed by OWNER, after which the OWNER owns one-half thereof."

On October 4, 1967, Kennedy wrote the Webbs a letter regarding the disposition of crops from his farms stating, in part: "All this corn is solely owned by me until divided over scale of elevator I designate. I have designated your elevator for this purpose and so notified Kull Brothers and Robert L. Smith, . . . ." (Transcript, page 96).

On October 7, 1967, Kennedy wrote a second letter to the Webbs stating, in part: " . . . I greatly appreciate your prompt cooperation in this. It goes to show why I want all 1967 corn produced on my farms to be delivered to your elevator from the fields and weighed on your scale so division can be

Stuart S. Ball, Chicago, Ill. Thomas Hart Kennedy, Santa Barbara, Cal., for plaintiff-appellant.

Larry M. Leiken, Eureka, Ill. Isadore I. Leiken, Minonk, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and GRANT *, District Judge.

DUFFY, Senior Circuit Judge.

This is a suit for damages by a farm landlord (Kennedy) against the opera-

---

* Chief District Judge Robert A. Grant of the Northern District of Indiana, is sitting by designation.

made, half to me and half to the tenant, Robert L. Smith." (Transcript page 70).

In another letter dated November 20, 1967, Kennedy instructed the Webbs, in pertinent part: " . . . [a]ll this corn is mine until divided at the elevator I designate. I have designated your elevator for this purpose and Mr. Smith has been given notice of this. I trust there will be full cooperation all along the line in this matter but that corn must be harvested and delivered to the elevator at the proper time . . . Mr. Smith must perform this obligation." It appears from the evidence presented to the trial court that these written instructions were followed by both Smith and the Webbs. The entire 1967 corn crop was presented at the Webbs' elevator and was then divided by them. Webbs then purchased from Smith, on December 15, 1967, a portion of Smith's share of 6,983 bushels which already had been delivered and issued Webbs' check to Smith for $4,880.

On February 5, 1968, Smith wrote the Webbs that he claimed a lien on the grain delivered to the Webbs' elevator being held for Thomas Hart Kennedy. On February 15, 1968, attorneys representing Kennedy informed the Webbs by letter that Kennedy claimed a lien on all the crops which had been grown on his farm and delivered to the Webbs' elevator. Upon notification of these liens, the Webbs refused to further dispose of the remaining corn in the elevator. However, Kennedy was paid $6,576.03 by the Webbs for his share of the corn at various intervals between October 4, 1967 and February 23, 1968.

After the receipt of Kennedy's lien notice, the Webbs did not purchase or sell the balance of Smith's share of the corn crop until September 10, 1968. On that date, the Webbs issued Smith a check for $1,873.28 for the balance of the corn on hand in the elevator.

Kennedy, in his suit for damages against the Webbs, argues on appeal that his rights as landlord under the Statutory Landlords Lien Act [1] were violated by the action of the Webbs in purchasing Smith's share of the corn. He cites Prettyman v. Unland, 77 Ill. 206 (1875) and Lawrence v. Elmwood Elevator Co., 258 Ill.App. 101 (1929) for the proposition that the Webbs failed to honor Kennedy's statutory landlord's lien by purchasing the grain from Smith after Kennedy's letter of February 15, 1968. We think Kennedy has erred in applying these cases to the instant fact situation.

In each of the aforementioned cases, the elevator operators had been notified that the landlord was asserting his lien. There were no letters of direction to the respective elevator operators in either case to compare with the explicit instructions of the Kennedy letters of October 4 and 7, 1967, and the letter of November 20, 1967. In *Prettyman, supra,* and *Lawrence, supra,* the common determinative fact was that the elevator operators ignored the lien and purchased grain prior to the expiration of the six month lien period extending from the date of the termination of the tenancy. In the case before this Court, the Webbs waited the entire six-month period as prescribed by Illinois Revised Statutes, before purchasing the grain from Smith. (Kennedy had supplied the Webbs with a copy of the lease between Kennedy and Smith upon the creation of the tenancy).

In Lillard v. Noble, 159 Ill. 311, 42 N. E. 844, 846 (1896), the Illinois Supreme

---

1. Chapter 80, Section 31, Illinois Revised Statutes, "Every landlord shall have a lien upon the crops grown or growing upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises, or labor, and also for the faithful performance of the terms of the lease. *Such lien shall continue for the period of six months after the term for which the premises are demised,* and may be enforced by distraint as in this Act provided." (Emphasis supplied).

Court discussed the nature and extent of the landlord's lien stating:

"It was a paramount lien of which every person must take notice, and which can be lost by waiver, or failing to enforce it at the proper time."

■ We hold that Kennedy failed to sustain his lien and lost his statutory right to the corn. It is apparent from the evidence before the trial court that the lien was not enforced within the proper time limit. Furthermore, the division of the corn was made pursuant to the explicit instructions of Kennedy himself. He now desires to rescind his instructions to the Webbs to their detriment.

Kennedy, in his over-zealous effort to completely bind Smith hand and foot, claims that simultaneously he was the owner of all the crops; that he had a statutory lien on all the crops; and that he had a chattel mortgage on all the corn crops.

■■ It is evident Kennedy attempted to be both the owner and the mortgagee of the crops from the time they were planted, notwithstanding that these two property interests are incompatible. As one who claims to be a mortgagee and later acquires ownership is barred from continuing to be a mortgagee by the doctrine of merger, Kennedy must fail in his attempt to be both owner and chattel mortgagee. Home Building and Loan Association v. Gaumer, 269 Ill.App. 196 (1933).

Kennedy admits that chattel mortgages were abolished by Illinois law in 1961, Chapter 95, Sections 1–11.1d, Illinois Revised Statutes, but argues he possesses a valid security interest under the Uniform Commercial Code, Illinois Revised Statutes, Chapter 26, Section 9–101 et seq.

We hold that Kennedy has failed to perfect any security interest which may remain as required by Illinois law.

The District Court properly granted appellees' motion for Summary Judgment. There was no factual issue presented before the Court. The judgment of the District Court is hereby

Affirmed.